LOIS JEAN CROSS, as Guardian Ad Litem of TAMMY CROSS, a Minor, Plaintiff and Respondent, v. ROBERTA TRETHEWEY, Defendant and Appellate.

No. 11713.
Decided July 2, 1970.
471 P.2d 538.

338

McKeon & Brolin, John L. McKeon (argued), Anaconda, for appellant.

Holland, Holland & Haxby, Robert J. Holland (argued), Butte, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

From a judgment for the plaintiff following a jury verdict in the district court of Silver Bow County, the defendant appealed.

This suit was brought by Lois Jean Cross, guardian ad litem of the plaintiff Tammy Cross, against the defendant Mrs. Roberta Trethewey for injuries suffered by plaintiff when she was struck by an automobile driven by defendant upon a residential street in the city of Butte, on June 17, 1968. Tammy Cross (hereinafter referred to as respondent) was eight years and four months old on June 17, 1968, the day she walked out of the driveway of her home at 1735 Grand Avenue, stopped near the curb, looked both ways twice, and proceeded to cross to the south side of the street. Mrs. Trethewey (hereinafter referred to as appellant) testified that she entered the 1700 block of Grand Avenue traveling west, was looking straight ahead, and struck the respondent with the left front of her automobile after the respondent had traversed the distance from near the curb to the middle of the street. Appellant did not apply her

brakes, or sound her horn, and testified she did not see the respondent until the very instant before she struck her. There was no other traffic on Grand Avenue, but there was conflicting testimony as to whether or not there were automobiles parked parallel to the curb on the north side of Grand Avenue. Miss Carma Hoffman witnessed the accident from a window of her home located directly across the street from the respondent's home. Respondent was hospitalized with a fractured left clavicle, fractured left leg, multiple abrasions and contusions.

Appellant specifies error in the trial court in the following particulars:

(1) In allowing the witness, Miss Hoffman, to express an opinion as to speed and in failing to admonish the jury to disregard her testimony as to the speed of the vehicle.

(2) In giving the following instruction to the jury:

"You are instructed that ordinarily it is necessary to exercise greater caution for the protection and safety of a child than an adult person who possess normal physical and mental facilities. One encountering children must anticipate the ordinary behavior of children. The fact that they cannot and do not exercise the same degree of prudence for their own safety as adults, that they are often thoughtless and impulsive, imposes a duty to exercise a proportional vigilance and caution on those encountering children and from whose conduct injury to the child might result"

(3) In denying appellant's motions for dismissal, directed verdict, new trial and judgment notwithstanding the verdict.

With reference to specifications of error No. 1, the testimony of Miss Hoffman regarding the speed of the vehicle, appellant relies on O'Brien v. Great Northern Ry., 145 Mont. 13, 400 P.2d 634. In that case a highway patrolman gave opinion testimony as to the speed of a vehicle involved in an accident, and this Court found his testimony to be predicated on pure speculation and conjecture without proper foundation and stating a conclusion in violation of the Montana rules of evidence.

However, the highway patrolman in the *O'Brien* case was not an eyewitness to the accident, which distinguishes that case from the instant case since here the witness, Miss Hoffman, was an eyewitness to the accident. This Court in State v. Souhrada, 122 Mont. 377, 382, 204 P.2d 792, 794, held:

"* * * any person of ordinary ability and intelligence, having the means or opportunity of observation, is competent to testify to the rate of speed of a moving object."

There was no evidence that Miss Hoffman was other than a "person of ordinary ability and intelligence". Miss Hoffman testified that she observed the respondent crossing the street in front of her home, the appellant's automobile bearing down on the respondent, and the respondent being struck by the automobile. This Court finds the witness, Miss Hoffman, competent to testify to the speed of appellant's automobile, following the rule in *Souhrada*.

Appellant further contends it was prejudicial error to allow Miss Hoffman to testify that appellant's automobile was traveling "Normally faster than the normal speed of others." because this testimony provided no criterion for the jury to compare the relative speeds referred to. We do not find this contention persuasive. Miss Hoffman testified she had observed automobiles traveling on Grand Avenue in the past, and that appellant's automobile was traveling faster than the normal speed of other motorists on the same avenue The weight of authority supports the doctrine that where the witness has had an opportunity to observe the usual speed of vehicles on a particular street in the past, he may testify that a vehicle was traveling at a speed "faster than the ordinary rate." Dawson v. San Diego Elec. Ry. Co., 82 Cal.App. 141, 255 P. 215; Bennett v. Central California Trac. Co., 115 Cal.App. 1, 1 P.2d 47.

In specification of error No. 2, appellant raises two reasons for objecting to the instruction given the jury. The first objection refers to the insertion of the word "encountering" for the words of the stock instruction "dealing with". In the

trial court, the appellant did not specifically object to the interchange of words but objected on the grounds that this instruction "would be applicable in a case where there is proof of knowing a child to be in the area, or in the exercise of reasonable care should know a child to be in the area."

In Adams & Gregoire, Inc. v National Indemnity Co., 141 Mont. 103, 375 P.2d 112, we stated:

"* * * this court cannot reverse a trial on the grounds that an instruction given was not correct, when no proper objection is made to the trial court. A mere objection without assignment of the specific reason for the objection is not a proper objection."

Rule 51, M.R.Civ.P., concerning instructions to the jury, states in part:

"Objections made shall specify and state the particular grounds on which the instruction is objected to and it shall not be sufficient in stating the ground of such objection to state generally the instruction does not state the law or is against the law, but such ground of objection shall specify particularly wherein the instruction is insufficient or does not state the law, or what particular clause therein is objected to."

Since in the trial court appellant objected to the instruction on the ground that it was not proper law but did not specifically object to the interchange of words, this objection cannot be reviewed on appeal according to the Montana Rules of Civil Procedure and the rule set forth in *Adams & Gregoire, Inc.*

Appellant's second objection to the instruction refers to the instruction's implied requirement of previous knowledge of the presence of children, which appellant contends she did not have prior to the instant case before striking the respondent. The evidence demonstrates contrary facts. The respondent walked out of the driveway of her home, stopped near the curb in full view of the appellant's automobile, and stood there repeatedly looking up and down the street. Then, respondent crossed the entire width of the right half of the street before being hit

by the left front of the vehicle. Appellant did not sound her horn or attempt to apply her brakes at any time prior to hitting respondent. In fact, appellant alleges she did not see respondent until the very instant just before striking her, although appellant alleges she was looking straight down Grand Avenue from the moment she had entered the avenue and did not turn her head. In light of this evidence it is hard to believe that a motorist exercising reasonable care would not know of the presence of a child in the street ahead, under the circumstances heretofore set forth.

The law in Montana as noted in Monforton v Northern Pacific Ry., 138 Mont. 191, 209, 355 P.2d 501, 510, states:

"* * * the driver of a motor vehicle must look not only straight ahead, but laterally ahead. He is presumed to see that which he could see by looking. He will not be permitted to say that he did not see what he must have seen had he looked. The duty to keep a lookout includes the duty to see that which is in plain sight."

Thus, the appellant is held to have seen the child if she was exercising reasonable care. Of course, it is within the province of the jury to determine whether or not appellant was exercising reasonable care. See, also, Graham v. Rolandson, 150 Mont. 270, 435 P.2d 263.

For the reasons stated above we find appellant's specification of error No. 2 to be without merit.

Appellant's specification of error No. 3 relates to the refusal of the trial court to grant a motion for dismissal or a directed verdict in her favor at the conclusion of respondent's case on the ground that there was no evidence on which a finding of negligence by the appellant could be based. On a review of the propriety of taking a case from the jury by dismissing or granting a directed verdict for the defendant, we must view the evidence and all the inferences reasonably drawn therefrom in the light most favorable to the plaintiff to determine if a jury could find the defendant negligent. Johnson v. Herring, 89

Mont. 420, 300 P. 535. Upon our review of the evidence before the trial court in the instant case, we are convinced a prima facie case on which a jury could find the appellant negligent was made out by the respondent. Therefore, appellant's motion for dismissal or directed verdict was properly denied.

After the jury returned its verdict and the trial court entered judgment, appellant moved for a new trial or judgment notwithstanding the verdict, which motion was denied by the trial court. This Court, having concluded there was substantial evidence to support the jury's verdict, affirms the denial of the motion for a new trial or for judgment notwithstanding the verdict, in accordance with the well established rule which imposes a duty on this Court to sustain a verdict rendered by a jury if there is competent evidence sustaining the verdict. Maynard v. City of Helena, 117 Mont. 402, 410, 160 P.2d 484; Wyant v. Dunn, 140 Mont. 181, 368 P.2d 917, and cases therein cited.

The judgment is affirmed.

MR. JUSTICES CASTLES, JOHN C. HARRISON, HASWELL and DALY concur.