No. 12745

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA, ACTING BY AND
THROUGH THE STATE HIGHWAY COMMISSION
OF THE STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

MARY A. SMITH BELDON, DONALD J. and
GERTRUDE SMITH, husband and wife,
JOAN E. SMITH PENDERGAST, and the
FEDERAL LAND BANK OF SPOKANE,

Defendants and Respondents.

---

Appeal from: District Court of the Second Judicial District,
Honorable John B. McClernan, Judge presiding.

Counsel of Record:

For Appellant:

Daniel J. Sullivan and James Driscoll, Helena, Montana
James Driscoll argued, Helena, Montana

For Respondent:

Corette, Smith and Dean, Butte, Montana
Kendrick Smith argued, Butte, Montana

---

Submitted: January 13, 1975

Decided: FEB 19 1975

Filed: 9 1975

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the State Highway Commission from a jury verdict rendered in a condemnation action. The taking consisted of 61.4 acres for the construction of a highway and 7.7 acres for construction permits and easements. The condemned land is included within a ranch located a short distance east of the community of Melrose, Montana. The new interstate highway crosses through the ranch from north to south for a distance of approximately one mile and roughly bisects the ranch. The jury awarded compensation in the amount of $97,000 which included $30,000 for the value of the land taken and $67,000 as depreciation to the remainder.

At trial three witnesses testified as to just compensation for the landowners and two testified on behalf of the State. The valuations placed upon the condemned land and the damages to the remainder can best be summarized by the use of this chart:

### LANDOWNER'S WITNESSES

|  | | Value of Land Taken | Depreciation | Total |
|---|---|---|---|---|
| 1. | Donald Smith | $55,575 | $82,215 | $137,790 |
| 2. | Ralph Potts | 52,650 | 68,425 | 121,075 |
| 3. | Joe Buyan | 52,650 | 78,300 | 130,950 |

### STATE'S WITNESSES

| 1. | Russell Gasser | 18,000 | 20,200 | 38,200 |
|---|---|---|---|---|
| 2. | Robert Shedd | 19,700 | 10,300 | *48,800 |

*Includes an additional amount of $18,800 for "cost to cure".

On appeal the only error alleged by the State concerns Instruction No. 21 given by the district court. This instruction reads:

> "You are instructed that you may not award compensation in excess of the amount of $137,790.00 which is the highest appraisal on behalf of the defendants; nor may your verdict be less than the sum of $48,800.00, the amount of the lowest testimony offered by the State of Montana in this matter.

"The burden of proof is upon the defendants to prove
they are entitled to an amount greater than $48,800.00,
which is the lowest testimony offered by the State in
this matter."

The issue is whether the district court committed reversible

error necessitating a new trial by placing the sum of $48,800 as

the lowest testimony of the State when one of the State's appraisers,

Russell Gasser, testified to a figure of $38,200.

The State asserts Instruction No. 21 is erroneous because

it removed Russell Gasser's testimony from the jury's consideration

and cites in support 75 Am. Jur 2d, Trial, § 655, which states:

"A party is entitled to have the jury consider all
the evidence properly before them in arriving at
their verdict, and an instruction is erroneous if it
ignores any material, conflicting, or qualifying
evidence which the jury are bound to consider in forming
their verdict, or if it withdraws from their considera-
tion any evidence, however weak, tending to establish
material facts. * * *".

In determining why the trial court did not use the lowest

figure testified to we set forth the sequence of events that

transpired while the instructions were being settled:

"THE COURT: The Court proposes to give Instruction No.
21 tendered by the landowners.

"MR. SMITH: May the record show that the landowners
submitted Instruction D21 with the blank spaces left
blank and has inserted as its offer of the instruction
only the higher amount of $137,790.00. The specific
objection to which the landowner is now objecting is
the insertion of the sum of $38,200.00 where there is
testimony by one of the State's own witnesses, Mr. Robert
Shedd, that just compensation should be in the higher
amount of $48,800.00 and that it is not fair, proper,
legal, equitable or just for the State to seek to get
the lowest amount of its lowest witness when it has
testimony by another witness for a higher amount of $10,600.00
or more.

"THE COURT: Objection sustained.

"MR. SULLIVAN: Could we be heard on it for just a
minute. I think the lowest testimony of just compen-
sation by the Defendants if (sic) approximately One
Hundred Twenty-One.

"MR. SMITH: One Hundred Twenty-one what?

"MR. SULLIVAN: Thousand. Somebody had $121,000.00.

"MR. SMITH: That is correct.

"MR. SULLIVAN: If that is the case, the same thing would
work that way, that this is some $16,000.00 less.

- 3 -

"THE COURT: What did you say, what is the figure?

"MR. SMITH: $48,800.00.

"THE COURT: The Court now proposes to give Instruction No. 21 as amended.

"MR. SULLIVAN: We would object to this on the grounds and for the reason that a witness for the Defendant has testified that the highest just compensation is $121,000.00. This is a rounded figure. That this obviously is approximately $16,000.00 less than the high figure now being offered and therefore since this is just compensation as asked for by the Defendant, the figure given as the high one should not exceed the lowest amount testified to by the Defendants.

"THE COURT: Overruled."

In trying to understand why the trial court did not insert the lowest figure testified to it would appear that as a trial tactic, counsel for the State tried to get the middle figure of $121,075 into Instruction No. 21, rather than the $137,790 figure and in so doing to lower the maximum by some $16,000. He appears to have been willing to let his lowest figure go by the board so as to strike down the landowners' highest figure. If this were his tactic, it did not work or it so confused the trial court that the Gasser testimony was overlooked. It was the State's duty to see that the trial court did not miss the proper figures.

The landowners argue the State is precluded from contending the court's view was erroneous. In view of the apparent confusion at the time of settling of instructions there is no merit to their position. Rule 51, M.R.Civ.P., concerning instructions to the jury, states in part:

"* * * Objections made shall specify and state the particular grounds on which the instruction is objected to and it shall not be sufficient in stating the ground of such objection to state generally the instruction does not state the law or is against the law, but such ground of objection shall specify particularly wherein the instruction is insufficient or does not state the law, or what particular clause therein is objected to. * * *".

The purpose of Rule 51, M.R.Civ.P., is to give the district court judge an opportunity to correct his own errors. This Court has repeatedly held that objections to instructions cannot be heard on appeal unless they were initially raised in the trial court.

Seder v. Kiewit Sons' Co., 156 Mont. 322, 479 P.2d 448; Salvail v. Great Northern Railway Co., 156 Mont. 12, 473 P.2d 549; Cross v. Tretheway, 155 Mont. 337, 471 P.2d 538.

Here, on appeal, the State argues the instruction was erroneous because it prevented the State from having the jury consider the testimony of one of its expert witnesses and it prevented the State from presenting its theory of the case. However, neither of these objections was clearly raised in the trial court. Accordingly, we decline to reverse the district court on an erroneous instruction when the objection to that instruction was not distinctly stated.

The judgment of the district court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 5 -