No. 81-507

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

JAMES FORDYCE and THELMA FORDYCE,

Plaintiffs and Appellants,

vs.

LEE HANSEN,

Defendant and Respondent.

---

Appeal from:  District Court of the Tenth Judicial District,
In and for the County of Judith Basin
Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

For Appellants:

B. Miles Larson, Stanford, Montana

For Respondent:

John R. Christensen, Stanford, Montana

---

Submitted on briefs: March 25, 1982

Decided: June 10, 1982

Filed: **JUN 1 0 1982**

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiffs appeal from an order denying their motion for a new trial following a jury trial in the District Court, Tenth Judicial District. They base their appeal on two issues: 1) Was there such an irregularity in the proceedings of the court that the substantial rights of the plaintiffs were affected? 2) Was there newly discovered evidence material to plaintiffs' case which could not, with reasonable diligence, have been discovered and produced by them at trial?

Defendant Lee Hanson, on about May 1, 1980, placed a newspaper advertisement for sale of a "barrel horse" with "lots of spirit, $1,500."

Plaintiff James Fordyce therafter went to Hansen's ranch to inspect the animal. After looking at it, he expressed a concern that it might have a "navicular" disease. Hansen assured him that the horse was sound. Hansen also informed him that there were several other prospective buyers for the horse, but no deal was made at that time.

Later that day, Thelma Fordyce called Hansen to tell him they would take the horse.

Two days later, James Fordyce and his three daughters went to Hansen's ranch to pick up the horse. They paid for the horse with a cashier's check and left with the bill of sale and registration papers. This transaction took approximately two hours because arrangements had been made to have the horse shod. The Fordyce's did not attempt to ride the horse during this time, nor had James Fordyce ridden the horse on his initial visit to the Hansen ranch.

The Fordyces returned to Lewistown where they saddled the horse, rode it, and took it to a nearby arena. There, 13 year old Teresa Fordyce, for whom the horse had been purchased, attempted to run the horse through the barrels. Despite her 3 to 4 years of experience as a barrel racer, she was unable to make the horse perform. After 5 or 6 attempts, the effort was abandoned and they all went home.

The next day, James Fordyce took the horse back to Hansen's ranch and demanded his money back because it was "not a barrel racing horse." Hansen told Fordyce that he had already advised other buyers that the horse had been sold, so he was not anxious to have it returned. He did offer Fordyce $1,200, which Fordyce refused, returning all papers except the bill of sale. He also left the horse, which remained on Hansen's ranch from that day in early May 1980, until after the trial in June 1981, when it was returned to the Fordyces.

Plaintiffs brought this action in October 1980 to recover the $1,500. Hansen counterclaimed for the costs of boarding the horse, at $1.25 per day, from May 1, 1980 until it was removed from his premises by the plaintiffs.

Trial was held on June 3, 1981. The jury found against the plaintiffs and awarded the defendant $485 on his counter-claim. After judgment, plaintiffs filed a motion for a new trial, the denial of which is the basis for this appeal.

The first issue raised by the Fordyces is that they are entitled to a new trial because, while the jury was deliberating the cause, "at least two questions were asked by the jury of the district judge by and through the bailiff." The amended motion for new trial states that such questions and answers occurred out of the presence of counsel for the

-3-

plaintiffs. The motion is supported by the affidavit of Thelma Fordyce, but the affidavit does not specify what the questions were.

In denying the new trial, the district judge, after a hearing on the motion, stated in his order that the question asked by the jury through the bailiff was "whether all forms for verdict which had been submitted had to be filled out, to which the bailiff was told to tell them to use only such form as fitted their verdict."

Of course the better practice, to avoid error, would have been to conduct the jury into court for the desired information, pursuant to section 25-7-405, MCA. However, because of the innocuous nature of the communication to the jury here, we find no prejudicial error. The ultimate inquiry is whether this irregularity affected any substantial right of the plaintiffs. Galiger v. Hansen (1957), 133 Mont. 34, 42, 319 P.2d 1051, 1055-56, and we find none was so affected.

The second issue presented by Thelma Fordyce's post-trial affidavit is the implication that the district judge knew the verdict before it was rendered because he stated to Thelma: "What are you going to do with the horse now, you got him back."

Again, in the order denying the new trial, the district judge found that "the judge spoke to the little girl, daughter of the plaintiffs, to ask if she got the horse back she would be able to ride in this season [sic] races. It is true that the plaintiff, Thelma Fordyce answered without giving the daughter opportunity to do so; that at that time the judge did not know what the verdict would be."

We find no error of any kind in the second issue.

Once a District Court has considered and denied motion for new trial, this Court will not lightly disturb that ruling absent evidence that is clear, convincing and practically free from doubt of the trial court's error. Schmoyer v. Bourdeau (1966), 148 Mont. 340, 343, 420 P.2d 316, 317-18. No such showing is made here.

Appellant's third issue is derived from section 25-11-102(4), which states as grounds for a new trial, "newly discovered evidence material for the party making the application which he could not, with reasonable diligence, have discovered and produced at the trial."

The claimed newly-discovered evidence here comes from the affidavit of Boyd Emond, D.V.M., who inspected the horse after the Fordyces retrieved it. He found that the horse was suffering from a navicular bone disease and suggested that it not be ridden in the future.

The District Court, in its order denying a new trial, stated that this evidence was available before trial and we agree. Where additional evidence comes to light, the party moving for a new trial must demonstrate that it was not lack of diligence which failed to turn up the new evidence at an earlier time. Giles v. Flint Val. Forest Products (1979), 179 Mont. 382, 385, 588 P.2d 535, 537. See Kerrigan v. Kerrigan (1943), 115 Mont. 136, 144-45, 139 P.2d 533, 535. Here, Fordyce, on his initial inspection of the horse, suggested that it had a navicular disease, but did not have it inspected. Neither was it inspected at any time before it was returned to Hansen's ranch. Furthermore, no motion for discovery was filed during the course of the litigation.

-5-

The evidence was available at all times. It could have been discovered and produced at trial with reasonable diligence.

Respondents contend this appeal is frivolous. It is indeed close to the line of frivolity. We have determined to resolve doubt in favor of appellants, and do not assess any damages on that account.

Affirmed.

_____
John C. Sheehy
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices