No. 82-110

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

DEBRA JO HARDY,

        Plaintiff and Appellant,

   -vs-

LaBELLE'S DISTRIBUTING CO., STEVEN
E. NEWSOM, Loss Prevention Manager;
DAVID KOTKE, Showroom Manager,

        Defendants and Respondents.

_____

Appeal from:  District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone, The Honorable
               Charles Luedke, Judge presiding.

Counsel of Record:

    For Appellant:

        Joseph P. Hennessey, Billings, Montana

    For Respondents:

        James L. Jones, Billings, Montana

_____

               Submitted on Briefs:  January 27, 1983

                        Decided:  March 31, 1983

Filed:  MAR 31 1983

_Ethel M. Harrison_
_____
              Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Plaintiff, Debra Jo Hardy brought this action against defendants for false imprisonment. The District Court of the Thirteenth Judicial District, Yellowstone County, issued judgment after a jury verdict in favor of defendants and plaintiff appeals.

Defendant, LaBelle's Distributing Company (LaBelle's), hired Hardy as a temporary employee on December 1, 1978. She was assigned duty as a sales clerk in the jewelry department.

On December 9, 1978, another employee for LaBelle's, Jackie Renner, thought she saw Hardy steal one of the watches that LaBelle's had in stock. Jackie Renner reported her belief to LaBelle's showroom manager that evening.

On the morning of December 10, Hardy was approached by the assistant manager of LaBelle's jewelry department and told that all new employees were given a tour of the store. He showed her into the showroom manager's office and then left, closing the door behind him.

There is conflicting testimony concerning who was present in the showroom manager's office when Hardy arrived. Hardy testified that David Kotke, the showroom manager, Steve Newsom, the store's loss prevention manager, and a uniformed policeman were present. Newsom and one of the policemen in the room testified that another policeman, instead of Kotke, was present.

Hardy was told that she had been accused of stealing a watch. Hardy denied taking the watch and agreed to take a lie detector test. According to conflicting testimony, the meeting lasted approximately from twenty to forty-five minutes.

Hardy took the lie detector test which supported her statement that she had not taken the watch. The showroom manager apologized to Hardy the next morning and told her that she was still welcome to work at LaBelle's. The employee who reported seeing Hardy take the watch also apologized. The two employees then argued briefly, and Hardy left the store.

- 2 -

Hardy brought this action claiming that defendants had wrongfully detained her against her will when she was questioned about the watch.

On appeal Hardy raises basically two issues

1. Whether the evidence is sufficient to support the verdict and judgment; and

2. Whether the District Court erred in the issuance of its instructions.

The two key elements of false imprisonment are the restraint of an individual against his will and the unlawfulness of such restraint. 32 Am.Jur.2d, False Imprisonment, §5. The individual may be restrained by acts or merely by words which he fears to disregard. Panisko v. Dreibelbis (1942), 113 Mont. 310, 124 P.2d 997; Kroeger v. Passmore (1908), 36 Mont. 504, 93 P. 805.

Here, there is ample evidence to support the jury's finding that Hardy was not unlawfully restrained against her will. While Hardy stated that she felt compelled to remain in the showroom manager's office, she also admitted that she wanted to stay and clarify the situation. She did not ask to leave. She was not told she could not leave. No threat of force or otherwise was made to compel her to stay. Although she followed the assistant manager into the office under pretense of a tour, she testified at trial that she would have followed him voluntarily if she had known the true purpose of the meeting and that two policemen were in the room. Under these circumstances, the jury could easily find that Hardy was not detained against her will. See also, Meinecke v. Skaggs (1949), 123 Mont. 308, 213 P.2d 237, and Roberts v. Coleman (1961), 228 Or. 286, 365 P.2d 79.

Hardy also claims the District Court erred by issuing court's instructions 10, 12, 13, and 14, and by refusing her proposed instructions 7, 11, 17, 19, and 30. Hardy argues that the court's instructions failed to comply with the facts and law, which were more accurately represented in her proposed instructions.

Where jury instructions, taken as a whole, state the law applicable to the case, a party cannot claim reversible error as to the giving of certain instructions. Goodnough v. State (1982), _____ Mont. ____ , 647 P.2d 364, 39 St.Rep. 1170.

Here, the court's instructions adequately stated the law on false imprisonment. Appellant's proposed instructions 7, 11, 17, 19, and 30 either reiterated the court's instructions or were inappropriate, and therefore were properly refused by the District Court.

Instruction 10 given by the District Court provided that there was no false imprisonment if the plaintiff voluntarily complied with the request to remain in the showroom manager's office. This is one of the key elements of false imprisonment and was properly given. 32 Am.Jur.2d, False Imprisonment, §10; Griffin v. Clark (1935), 55 Idaho 364, 42 P.2d 297.

Court's instruction 12 provided that an employer upon reasonable cause may request a police investigation. Instruction 13 provided that a store employee may temporarily detain another person to investigate a theft only upon probable cause. These instructions paraphrase the standard rule requiring probable cause before a person may be detained. Duran v. Buttrey Food, Inc. (1980), _____ Mont._____ , 616 P.2d 327, 38 St.Rep. 1545.

Appellant failed to object to instruction 14, and finding no plain error, we need not review the instruction. State Highway Commission v. Beldon (1975), 166 Mont. 246, 531 P.2d 1324.

Finding substantial evidence to support the judgment and no error in the issuance of the instructions, the District Court's judgment is affirmed.

_____
Justice

- 4 -

We Concur:

_Frank D. Haswell_____
Chief Justice

_Daniel J. Shea_____

_____

_Frank B. Morrison_____
Justices