No. 90-222

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

DARRELL D. HENRICHS,
     Plaintiff and Respondent,
-vs-
DONNA E. TODD,
     Defendant and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

          For Appellant:

               Calvin J. Stacey, Keefer, Roybal, Hanson, Stacey &
               Walen, Billing, Montana

          For Respondent:

               R. Russell Plath, Halverson, Sheehy & Plath, P.C.,
               Billings, Montana

                                   Submitted:   August 9, 1990

                                   Decided:   November 8, 1990

Filed:

_____
                Clerk

FILED
'90 NOV 8 AM 11 43
ED SMITH CLERK
MONTANA SUPREME COURT

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Donna E. Todd appeals from the order of the District Court, Thirteenth Judicial District, Yellowstone County, granting a new trial to Darrell Henrichs, plaintiff, for irregularities in communications between the bailiff and the jury. We affirm.

The issues presented on appeal are:

1. Did the bailiff improperly communicate with the jury?

2. Did the irregularity affect the substantial rights of the respondent?

3. Did the communication deny the respondent's right to a fair trial?

4. Was the grant of a new trial a manifest abuse of discretion on the part of the trial court?

On January 25, 1990, the jury returned a verdict in favor of the defendant by special interrogatory. On February 5, 1990, plaintiff Henrichs filed his motion for a new trial pursuant to Rule 59, M.R.Civ.P., and §§ 25-11-101 through -104, MCA. Henrichs alleged an irregularity in the proceedings which prevented him from receiving a fair trial. The irregularity alleged was that during the course of the deliberations, the jury had a question regarding the application of the comparative negligence statute and the payment of damages to the plaintiff. The jury wanted to know if damages would still be paid to Henrichs if it found that the defendant was 50 percent negligent and the plaintiff was 50 percent negligent. The jury notified the bailiff that it wanted to ask the question; the bailiff stated that he could not answer it and that

2

all of the attorneys and court personnel would have to be called back into court to properly respond. When the foreperson asked how long all this would take, the bailiff responded that it would take about as long as it takes "for hell to freeze over." Other jurors overheard the remark and decided to resolve the issue on their own.

The jury found for the defendant and the plaintiff timely filed a motion for new trial. After oral argument, the District Court found that the bailiff's conduct had prevented the plaintiff from receiving the benefit of a statutory procedure designed to insure a fair trial and that such conduct materially affected the substantial right of the plaintiff to have the jurors' question presented to the court.

## I.

The conduct of the bailiff in this case is governed by § 25-7-403 and § 25-7-405, MCA. These statutes require that the bailiff is not to have any communication with the jury except by order of the court; and that if the jury has a question on testimony or on a point of law, it may require the bailiff to bring them into court. Section 25-7-403, MCA, provides in part:

> When the case is finally submitted to the jury, it may decide in court or retire for deliberation. If the jurors retire, they must be kept together in some convenient place, under charge of an officer, until at least two-thirds of them agree upon a verdict or are discharged by the court. Unless by order of the court, the officer having them under his charge must not suffer any communication to be made to them or make any himself, except to ask them if they or two-thirds of them are agreed upon a verdict; and he must not, before their verdict is rendered, communicate to any person the state of their deliberations or the verdict agreed upon. (Emphasis added.)

3

Section 25-7-405, MCA, provides in pertinent part:

> After the jury has retired for deliberation, if there be a disagreement among the jurors as to any part of the testimony or if they desire to be informed of any point of law arising in the cause, they may require the officer to conduct them into court.

The conduct of the bailiff in this case was clearly in violation of § 25-7-403 and § 25-7-405, MCA. He did communicate to the jury and he did not conduct it into court for resolution of their question.

## II.

Appellant contends that the communication between the bailiff and the jurors, although improper, was immaterial and did not have a prejudicial effect on the jury. Section 25-11-102, MCA, governs grounds for a new trial:

> The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party: (1) irregularity in the proceedings of the court, jury, or adverse party or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;

Appellant relies on this Court's decision in Ahmann v. American Federal Savings and Loan Association, 235 Mont. 184, 766 P.2d 853 (1988), for authority to conclude that the bailiff's behavior did not materially affect plaintiff's rights. In Ahmann, a juror testified that when she asked the bailiff whether the jurors could talk to the judge about their questions, she was informed that they could only communicate with the court in writing. The juror further testified that the bailiff told her

4

that the judge probably would not consider the jury's questions until the next day or until after the trial was completed. This Court concluded that the bailiff's communication did not prevent the jurors from asking questions of the judge, and therefore did not materially affect the plaintiff's rights.

The facts of Ahmann are not analogous to the facts before us. The bailiff did not merely state a reasonable time in which the jurors could expect a response, as in Ahmann; here he communicated that it was almost impossible to get a response at all. By so doing, he effectively prevented the jury from clarifying a crucial point of law.

Appellant's next argument that the jury was instructed on the issue of comparative negligence and therefore did not need to ask the question is equally without merit. It is not that the jury was without instruction that is at issue; it is that they were prevented from asking a question which they had a right to ask. Section 25-7-405, MCA. Further, the bailiff prevented the Judge from ever having the opportunity to decide whether to answer the jury's inquiry. It is also beside the point that, as appellant notes, the communication was "done in a joking fashion and in no way was an attempt on his part to discourage the members of the jury from asking their question." The effect of the remark was to prevent the jurors from attempting to contact the court materially affecting the substantial right of the respondent to have the jury fully informed. Clarification of the issue of comparative negligence was especially important in this case. Without the

5

clarification, the possibility existed that some of the jurors were operating under the mistaken belief that the defendant's negligence had to be greater than the negligence of the plaintiff before a verdict for the plaintiff could be given.

## III.

Appellant also maintains that the statements of the jurors that they were not influenced through the conduct of bailiff Marcum are determinative of whether or not respondent was denied the right to a fair trial. Appellant submits eight affidavits from the jurors stating that their decision in the matter was not affected by the bailiff's conduct. Although the jurors' statements are not to be taken lightly, it remains pure speculation on their part whether or not the process may have gone differently with additional instruction from the court. The affidavits fail as proof of a fair trial when weighed against the bailiff's actions.

## IV.

Appellant contends that the trial court's grant of a new trial to the respondent is not supported by substantial evidence and is clearly erroneous, and constitutes a manifest or obvious abuse of discretion. This Court recently set out the standard of review for decisions to grant a new trial:

> It is essential to our determination in this case for us to set forth a clear and concise statement of the scope of our review regarding the grant of a new trial. The decision to grant a new trial is within the sound discretion of the trialjudge and will not be overturned absent a showing of manifest abuse of discretion.

Stanhope v. Lawrence, 787 P.2d 1226, 1228, 47 St.Rep. 438, 440 (Mont. 1990). In the case before us, appellant has the burden of

6

showing that the judge abused his discretion by granting the new trial.     Because there was no dispute that the bailiff had substantial communication with the jury, and failed to report the jury's questions to the court, we conclude that no showing was made that the trial judge manifestly abused his discretion.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices