No. 92-624

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

JOSEPH J. GEIGER,

        Plaintiff and Appellant,

    v.

SHERRODD, INC., a Montana Corporation;
DAVID LEE KINSEY, individually and as
agent and employee of Sherrodd, Inc.;
and LEE SMITH, individually and as
agent and employee of Sherrodd, Inc.,

        Defendants and Respondents.



FILED

DEC 22 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstrom, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Harry J. Mehr, Attorney at Law,
        Glendive, Montana

        Peter T. Stanley, McNamer, Thompson,
        Werner & Stanley, P.C., Billings, Montana

    For Respondents:

        Michael W. Tolstedt and Michael P. Heringer,
        Brown, Gerbase, Cebull, Fulton,
        Harman & Ross, Billings, Montana


Submitted on Briefs:  November 18, 1993

Decided:  December 22, 1993

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff Joseph J. Geiger filed this action in the District Court for the Thirteenth Judicial District in Yellowstone County, Montana, to recover damages for injuries sustained in a collision with defendants. The jury returned a verdict for defendants and the District Court denied plaintiff's motion for a new trial. Plaintiff appeals from the denial of his motion for a new trial. We affirm the order of the District Court.

The issues on appeal are restated as follows:

1. Did the District Court commit reversible error when it incorrectly instructed the jury on comparative negligence?

2. Did the District Court err when it failed to properly respond to questions asked by the jury?

3. Did the District Court err when it refused to consider juror affidavits which set forth evidence of juror misconduct?

4. Did the District Court abuse its discretion when it rejected plaintiff's proposed jury instruction regarding the non-appearance of a defendant?

On December 12, 1985, plaintiff Joseph J. Geiger was driving a semitruck and trailer for his employer on U.S. Highway 20 in Idaho when he collided with a semitruck and trailer owned by defendant Sherrodd, Inc.

Prior to the accident, the Geiger truck had been following two Sherrodd trucks. The first was driven by defendant Leroy (Lee) Smith; the second by defendant David Kinsey. The road conditions

2

varied from clear to snowpacked and visibility was poor at times due to blowing snow. Testimony indicated that the trucks were traveling between 40 and 55 miles per hour, depending on visibility. At a point on the highway near the Elk Creek Conoco Station, Kinsey testified that he heard a radio message from an unidentified driver having trouble with his transmission, stating, "I missed the first exit, I'm going to the second." Assuming the message was from Smith, the Sherrodd driver in the lead, Kinsey immediately began gearing down to slow his speed. He testified that he saw Smith's truck in the lane in front of him, either stopped or moving slowly forward with the left turn signal flashing. Kinsey then looked into his rearview mirror and saw plaintiff's truck emerging from the swirling snow. Kinsey pushed the throttle in a futile attempt to give plaintiff space to stop. Plaintiff testified that the Kinsey trailer was in the right driving lane at the point of impact.

After a three-day trial, the jury returned a verdict for defendants, finding both plaintiff and defendants negligent and apportioning 51 percent of the fault to plaintiff.

## STANDARD OF REVIEW

We have held that the decision to deny a motion for a new trial is within the sound discretion of the trial court and will not be overturned absent a showing of manifest abuse. *Tope v. Taylor* (1988), 235 Mont. 124, 131-32, 768 P.2d 845, 849-50.

3

I.

Did the District Court commit reversible error when it incorrectly instructed the jury on comparative negligence?

Plaintiff correctly points out that Jury Instruction No. 17 misstated the law on comparative negligence. That instruction stated in part that, "[p]laintiff is entitled to recover unless you find his negligence to be 50% or greater." [Emphasis added]. On appeal, plaintiff argues that the instruction should have stated "greater than 50 percent," rather than "50% or greater." *See* § 27-1-702, MCA.

Plaintiff's objection to the District Court's instruction on comparative negligence is untimely. During settlement of the proposed jury instructions, plaintiff indicated that he had no objection to the instruction he now claims is erroneous and prejudicial. It has long been the rule in Montana that objections to jury instructions not raised at trial are waived. *Frederick v. Hale* (1910), 42 Mont. 153, 112 P. 70; *Tripp v. Silver Dyke Mining Co.* (1924), 70 Mont. 120, 224 P. 272; *State Highway Comm'n v. Beldon* (1975), 166 Mont. 246, 531 P.2d 1324; *Ahmann v. American Fed. Savings and Loan Assoc.* (1988), 235 Mont. 184, 766 P.2d 853; *see also,* Rule 51, M.R.Civ.P.; *Greytak v. RegO Co.* (1993), 257 Mont. 147, 848 P.2d 483.

Despite his failure to object at trial, plaintiff invokes the "plain error" rule. That rule allows this Court to review errors

4

that were not objected to at trial, but result in substantial injustice to a party by denying that party a fair trial. Rule 103(d), M.R.Evid.; *Halldorson v. Halldorson* (1977), 175 Mont. 170, 573 P.2d 169. Plaintiff argues that our decision in *State Bank of Townsend v. Maryann's, Inc.* (1983), 204 Mont. 21, 664 P.2d 295, controls the outcome of this case. There, we applied the plain error doctrine to remand a case for retrial after finding "inherent error" in the instructions and special interrogatories submitted to the jury. *State Bank of Townsend*, 664 P.2d at 301. However, the opinion also stated that "[w]e are not able to determine what the jury was instructed to do . . . nor are we able to determine what the jury actually did." *State Bank of Townsend*, 664 P.2d at 300.

In this case, although the jury instruction did misstate the law, an accurate statement of the comparative negligence rule appeared in the latter part of the same instruction. An accurate statement of the rule also appeared in Question No. 4 on the special verdict form, stating, "[i]n apportioning responsibility, negligence on the part of the Plaintiff does not bar recovery unless his negligence was greater than the negligence of the Defendants." Furthermore, when the jury returned with its verdict, the District Court asked the jurors whether they understood that the effect of their verdict was that plaintiff would receive no money. The jurors responded affirmatively.

5

In *Reno v. Erickstein* (1984), 209 Mont. 36, 42, 679 P.2d 1204, 1207-08, we held that "'[p]lain error' generally involves an act or omission of a more serious nature than 'reversible error,' and only on rare occasion is the former doctrine invoked in civil cases."

We decline to apply the "plain error" rule in this case. We conclude that when plaintiff failed to object to the District Court's instruction on comparative negligence, he waived his right to object by post-trial motion or on appeal.

II.

Did the District Court err when it failed to properly respond to questions asked by the jury?

During deliberations, the jury sent a written message to the judge stating, "[t]here appears to be a discrepancy between Question Number 4 and Instruction Number 17 regarding 50 percent rule. . . . If Geiger is <u>exactly</u> <u>50 percent</u> negligent, is he entitled to compensation?" The judge responded in writing, "read Question Number 4 on the special verdict form. 50 percent is not <u>greater</u> than 50 percent." The jury next requested to see the deposition of an eyewitness. The judge responded that the deposition was not available to them. Before the jury delivered its verdict, the District Court informed counsel for both plaintiff and defendants of the jury's questions and his responses.

In its order denying plaintiff's motion for a new trial, the District Court relied on our opinion in *Fordyce v. Hansen* (1982), 198

6

Mont. 344, 646 P.2d 519. There, the jury asked, through the bailiff, "whether all forms for verdict which had been submitted had to be filled out . . . ." In response, the bailiff was told to tell the jury, "only such form as fitted their verdict." *Fordyce*, 646 P.2d at 521. We held that although it is the better practice to bring the jury into open court, the innocuous nature of the communication between the judge and jury did not result in prejudice to any party. *Fordyce*, 646 P.2d at 521.

Plaintiff argues that *Henrichs v. Todd* (1990), 245 Mont. 286, 800 P.2d 710, is more relevant to this case. There, we found reversible error because the bailiff told the jury that the judge would not respond to their question "until hell froze over." *Henrichs*, 800 P.2d at 712.

Defendants argue that although the attorneys were not present when the District Court responded to the jury, plaintiff did not object when the District Court advised the attorneys of its responses, and that this failure to object precludes plaintiff from assigning error to the District Court's actions on appeal. We agree. If there was a more appropriate response or procedure to be followed, then plaintiff had an obligation to bring it to the District Court's attention at a time when something could have been done about it. By failing to do so, he waived his right to raise this issue by post-trial motion or on appeal.

7

## III.

Did the District Court err when it refused to consider juror affidavits which set forth evidence of juror misconduct?

With his motion for new trial, plaintiff filed two affidavits from jurors alleging that another juror had disregarded the District Court's admonition to refrain from discussing workers' compensation insurance. The District Court ruled that this was an insufficient ground upon which to grant a new trial, based on Rule 606(b), M.R.Evid., which states in part that "a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations . . . ." Nor did the District Court find that any of the exceptions provided in Rule 606(b) applied, citing *Harry v. Elderkin* (1981), 196 Mont. 1, 637 P.2d 809, where this Court distinguished between external and internal influence upon a jury. Only where the court finds external influence will there be sufficient basis to grant a new trial. *Harry*, 637 P.2d at 813. Examples of external influence include a juror's telephone call to obtain information with regard to previous litigation involving the plaintiff, visiting the scene of an accident and reporting findings to fellow jurors, or bringing a newspaper article into the jury room and showing it to jury members. *Harry*, 637 P.2d at 813. Examples of internal influence which will not form the basis for a motion for a new trial include the jury's misapprehension of

8

evidence or the law, or consideration of defendant's insurance. *Harry*, 637 P.2d at 813.

The misconduct alleged in this case amounts to internal influence. We conclude that the District Court did not err when it refused to consider the affidavits for the purpose of impeaching the jury verdict.

IV.

Did the District Court abuse its discretion when it rejected plaintiff's proposed jury instruction regarding the non-appearance of a defendant?

The District Court refused plaintiff's proposed Instruction No. 37, which stated,

> You are instructed that if a party has failed to produce a witness within his power to produce, you may, if you see fit, infer from that, if here given, the testimony of such witness would not have been favorable to such party. This rule is applicable, however, if and only if you believe the situation between such party and the witness was of a nature whereby with exercise of reasonable diligence such party could have produced such witness, further, that a reasonable person in the same circumstances would have produced such witness if such party believed the testimony of such witness would be favorable to such party, further, that no reasonable excuse exists for the failure of such party to produce such witness and, further that the witness was not equally available to the adverse party.

As support for this instruction, plaintiff cites *State ex rel. Nagle v. Naughton* (1936), 103 Mont. 306, 63 P.2d 123. Plaintiff contends that this instruction was required to counter the comments of defense counsel during voir dire that "[defense counsel] was at

9

fault for not obtaining the presence of Mr. Smith because Mr. Smith was a truck driver and could not be found." However, plaintiff objected to that statement and his objection was sustained. He made no request that the jury be admonished to disregard the remark.

Defendants point out that, as a defendant, Lee Smith was not required to be present for trial and contend that plaintiff had no need to call Smith as a witness after plaintiff read Smith's deposition during plaintiff's case-in-chief. Finally, they argue that on the last day of trial, defense counsel advised the court that Smith was available to testify and that although the Court gave plaintiff an opportunity to reopen his case, plaintiff declined.

There is no evidence in the record to support defendants' version of events. However, in his reply brief, plaintiff does not deny that this is what occurred.

This Court has held that "[i]t is not reversible error for a trial court to refuse an offered instruction unless such refusal affects the substantial rights of the party proposing the instruction, thereby prejudicing him." *Cottrell v. Burlington Northern Railroad Co.* (Mont. 1993), 50 St. Rep. 1323, 1327 (citing *Payne v. Sorenson* (1979), 183 Mont. 323, 599 P.2d 362). *See also, Walden v. State* (1991), 250 Mont. 132, 818 P.2d 1190.

10

We do not decide whether under other circumstances, failure to give such an instruction would be reversible error. However, based on the record before us, we are unable to conclude that plaintiff's substantial rights were adversely affected by the District Court's refusal to give his proposed instruction in this case. We conclude that the District Court did not abuse its discretion when it denied plaintiff's motion for a new trial.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

11

December 22, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

HARRY J. MEHR
Attorney at Law
112 West Towne
Glendive, MT 59330

Peter T. Stanley
McNAMER, THOMPSON, WERNER & STANELY, P.C.
P.O. Box 1980
Billings, MT 59103-1980

Michael W. Tolstedt & Michael P. Heringer
BROWN, GERBASE, CEBULL, FULTON, HARMAN & ROSS
315 North 24th St., P.O. Drawer 849
Billings, MT 59101

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy