No. 81-185

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

E. F. MATELICH CONTRUCTION COMPANY,
a Montana Corporation,

       Plaintiff and Appellant,

  -vs-

GOODFELLOW BROTHERS, INC., et al.,

       Defendants and Respondents.

  -vs-

STATE OF MONTANA, Cross-Claimant.

_____

Appeal from:  District Court of the Fourth Judicial District,
In and for the County of Mineral, The Honorable
James B. Wheelis, Judge presiding.

Counsel of Record:

    For Appellant:

        Donald R. Murray; Murphy, Robinson, Heckathorn
and Phillips, Kalispell, Montana

    For Respondents:

        Page Wellcome, Bozeman, Montana
Donald A. Douglas, Highway Legal Dept., Helena,
Montana

_____

Submitted on Briefs: February 18, 1982

Decided:   **MAY 6 1982**

Filed:   6 1982

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff subcontractor sued the general contractor and the State for damages for breach of its subcontract to contruct bridges and concrete work on a highway project. At the conclusion of the subcontractor's case-in-chief, the District Court dismissed the action on the ground that plaintiff had shown no right to relief under the facts and law. Following denial of its motion for a new trial, the subcontractor appeals. We reverse.

On November 23, 1970, defendant Goodfellow Bros., Inc., the general contractor, contracted with defendant State of Montana to construct a segment of interstate highway in Mineral County, Montana. Thereafter Goodfellow contracted with E. F. Matelich Construction Co., the subcontractor, for the construction of certain bridges and concrete work on the project.

Prior to submitting its bid to Goodfellow, Matelich obtained a bid for the concrete work from Robert O'Conner, a specialist in the construction of curbs and sidewalks. The bid submitted by O'Conner stated that the estimates given were contingent upon concrete being available at the job site. Matelich accepted O'Conner's bid on April 12, 1971.

The contract between Matelich and Goodfellow provided that the work was to be completed in 270 calendar days. The construction work began in the spring of 1971 but the concrete work was not completed until late fall of 1973 because necessary preparatory work had not been completed by Goodfellow until September, 1973. When the preparatory work was finally done, there was no longer a source of concrete available at the job site. By reason thereof, O'Conner refused to perform the concrete work under his agreement with Matelich. There had been a source of concrete available at the job site during the 1971 work season and for most of the 1972 season. Since O'Conner refused to perform the work, Matelich was forced to complete the concrete work itself.

After the work was completed, Matelich brought suit against Goodfellow and the State of Montana in the District Court of Mineral County. Matelich alleged that it was prevented from performing its work within the time period specified in its subcontract with Goodfellow because the work schedule for the project had been changed by Goodfellow and the State. Matelich sought damages for increased costs allegedly caused by Goodfellow's breach of its subcontract in not performing the preparatory work within the time period specified in its subcontract. Matelich sought damages to the extent of the difference between the actual costs it incurred in completing the concrete work and the bid price submitted by O'Conner. Matelich dismissed its claim against the State prior to trial, but the State remained a party on Goodfellow's cross-claim for indemnification against it.

A bench trial was held on August 21, 1980. O'Conner testified as a witness for Matelich, and the agreement entered into between Matelich and O'Conner was admitted into evidence. Evidence was also presented regarding the actual costs incurred by Matelich in completing the concrete work. At the close of Matelich's case-in-chief the District Court granted the defendants' motion to dismiss because it found that there was no valid evidence before the court to establish damages.

The District Court determined that the evidence pertaining to O'Conner's bid price could not be used to establish damages because O'Conner had not prequalified with the Montana State Department of Highways as required by specifications adopted by the Montana State Highway Commission which were incorporated into the contract between the State of Montana and Goodfellow. The terms of that contract were in turn incorporated into the contract between Goodfellow and Matelich.

The sole issue is whether the District Court erred in dismissing the action based upon its determination that the evi-

dence was insufficient to establish damages.

The parties disagree as to whether O'Conner was required to prequalify under the circumstances of this case. We find it unnecessary to resolve that issue in deciding whether the evidence presented by Matelich was sufficient to establish damages.

The following statute establishes the measure of damages for breach of contract:

> "For the breach of an obligation arising from contract, the measure of damages, except when otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment which was proximately caused thereby or in the ordinary course of things would be likely to result therefrom. Damages which are not clearly ascertainable in both their nature and origin cannot be recovered for a breach of contract." Section 27-1-311, MCA.

With regard to evidence of damages we have stated: "While exact proof of damage is not necessary there must be some evidence from which the amount may be determined." Brown v. First Fed. Sav. & L. Ass'n of Great Falls (1969), 154 Mont. 79, 88, 460 P.2d 97, 102. In this case there was evidence from which the amount of damages could have been established.

O'Conner's testimony and the agreement between O'Conner and Matelich were evidence of the reasonable cost at which the work could have been performed had it been done at an earlier date when there was still a source of concrete available at the construction site. Additionally, Matelich testified that Goodfellow paid him on the basis of O'Conner's bid which is some indication of the reasonable cost of the concrete work. The defendants do not contend that this evidence should not have been admitted. Their only argument is that because O'Conner was not prequalified evidence of his bid price could not be used to establish damages. The District Court agreed with this contention and held as a matter of law that the evidence could not be used to determine damages.

The District Court erred in this determination. O'Conner

- 4 -

was a specialist in curb, sidewalks and flat concrete work with 26 years experience. His expert opinion evidence was admissible to establish the reasonable cost of the concrete work under the subcontract without regard to whether he was prequalified to perform the concrete work himself. O'Conner's testimony and bid created a factual issue on damages for determination by the District Court. Such evidence precluded dismissal under Rule 41(b), M.R.Civ.P., for failure of proof of damages.

Reversed and remanded for a new trial.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices