MR. JUSTICE SHEEHY
delivered the Opinion of the Court.
This appeal by Goodfellow Brothers, Inc. from a judgment of the Fourth Judicial District, Mineral County, raises the following:
1. Is Goodfellow entitled to recover from the state sums it was required to pay to a subcontractor, Matelich, on a highway construction project that was redesigned while construction was in progress?
2. Was the delay of the District Court in making a decision in this case from the hearing date of September 30,1983 to March 23,1984, a denial of fundamental due process to Goodfellow under Art. II, Section 16, of the Montana Constitution?
On November 23, 1970, Goodfellow, as a general contractor, contracted with the defendant, State of Montana, to construct a segment of interstate highway. Thereafter, Goodfellow contracted with E. F. Matelich Construction Company, a subcontractor, for the construction of certain bridges and concrete work on the project.
Matelich, prior to submitting its bid to Goodfellow, obtained a bid for the concrete work required on the construction project from Robert O’Conner. The bid submitted by O’Conner stated that the estimates given were conditioned upon concrete being available at the job site. Matelich accepted O’Conner’s sub-bid on April 12,1971.
*31 In certain portions of the highway project, cuts were designed by the State through the mountainous area. Several of the cuts were designed with a steep backslope. It was found that some of the cuts were unstable. Some of these cuts were redesigned by the State to provide for a less steep backslope but the changes in design required further excavation in excess of 125% of the original contract specification. All sides admit that the increased excavation delayed or postponed the hoped for date of completion of the project.
On November 6, 1972, Goodfellow and the State entered into a supplemental agreement described as a “novation covering the said excess quantities and work items affected by such excess.” The supplemental agreement contained the following language:
“(6) The CONTRACTOR waives any and all claims for payment in excess of those contemplated by said contract of November 23,1970, and this novation, except those claims which may be based upon conditions not presently within the knowledge of either party or which are not within the ability of either party to anticipate.”
Goodfellow, because of the delay, did not complete the necessary preparatory work until September 1973. When the preparatory work was finally done, there was no longer a source of concrete available at the job site. By reason thereof, O’Conner refused to perform the concrete work under his agreement with Matelich. There had been a source of concrete available at the job site during the 1971 work season and for most of the 1972 season. Since O’Conner refused to perform the work under his bid, Matelich was forced to complete the concrete work under another arrangement.
After the work was completed, Matelich brought suit against Goodfellow and the State of Montana in the District Court of Mineral County. Matelich alleged it was prevented from performing its work within a time limit specified in its subcontract with Goodfellow because the work schedule for the project had been changed by Goodfellow and the State. Matelich sought damages for the increased costs which were caused by the delay in the performance of the preparatory work within the time limit specified in its subcontract. Goodfellow cross-claimed against the State for indemnification on Matelich’s claim.
Originally, the District Court dismissed Matelich’s claim. In the first trial, the District Court refused to permit damages to be established on the basis of O’Conner’s bid because O’Conner had not prequalified with the Montana State Department of Highways as required by the specifications. That decision was appealed to this *32 Court, and in E. F. Matelich Construction Company v. Goodfellow Brothers and State of Montana (Mont. 1982), [198 Mont. 151,] 645 P.2d 391, 39 St.Rep. 831, this Court reversed and remanded for further proceedings.
At the second trial, the District Court found that Matelich was entitled to a judgment of $19,153.19 against Goodfellow but that Goodfellow was not entitled to reimbursement from the State of Montana because of the waiver of the November 6, 1972, supplemental agreement. Goodfellow paid the Matelich judgment, and now contends that it is entitled to reimbursement from the State notwithstanding the waiver clause.
Goodfellow, on appeal, claims it is entitled to reimbursement or indemnity from the State essentially on two grounds: (1) the waiver clause in the supplemental agreement of November 6, 1972 did not operate to bar its claim under the Matelich subcontract, and (2) the issue of waiver has been decided adversely against the State in another District Court action in the same district, involving the same project. Goodfellow claims that the State is barred by res judicata and collateral estoppel from disputing Goodfellow’s right to indemnity reimbursement.
The companion action on which Goodfellow claims either res judicata or collateral estoppel is Goodfellow, Inc. v. State of Montana, through its Highway Commission, cause No. 41911 in the Missoula District Court. There, Goodfellow sued for and on behalf of its subcontractor, Yardley Drilling Company for $52,060.00 and for itself $10,412.00 for costs brought about because of additional excavation required between stations 573 plus and 577 plus on the highway project. Yardley Drilling Company was the drilling and blasting subcontractor for Goodfellow. The District Court in that case concluded that the November 6, 1972 supplemental agreement referred only to excavation required at the “400 cut” and that any waiver contained in the supplemental agreement could not affect the delay and changes in design that were required between stations 573 and 577. The District Court entered judgment in favor of Goodfellow and its subcontractor, Yardley.
It is not necessary for us to decide the contentions with respect to res judicata and collateral estoppel because we determine that the waiver clause contained in the supplemental agreement of November 6, 1972 does not pertain to the difficulty that Matelich faced when the subcontractor, O’Conner, refused to go through with his subcontract because no concrete was available at the job site. *33 Waiver is a voluntary relinquishment of a known right, Rase v. Cattle Mountain Ranch, Inc. (Mont. 1981), 38 St.Rep. 992, 631 P.2d 680; Kelly v. Lovejoy (Mont. 1977), 172 Mont. 516, 565 P.2d 321. Waiver is an affirmative defense (Rule 8(c), M.R.Civ.P.) and thus the burden of proof is on the party raising the affirmative defense. The waiver clause itself in the supplemental agreement excepts “those claims which may be based on conditions not presently within the knowledge of either party or are not within the ability of either party to anticipate.” Although the record is clear that at the time of the execution of the supplemental agreement on November 6, 1972, Goodfellow knew that there would be delays in the completion of the contract, nothing in the record indicates that either party anticipated that concrete would not be available to O’Conner when, some 10 months later, he was called upon to complete his subcontract with Matelich. Nor does the State dispute anywhere in the record that if the project had not been redesigned, and the project carried on according to schedule, that O’Conner would have had the concrete available to perform his subcontract.
We therefore hold that the District Court was clearly erroneous, Rule 52(b), M.R.Civ.P., in finding that Goodfellow is precluded by the waiver clause in the supplemental agreement from indemnity reimbursement from the State.
Any judgment against the State, of course, is subject to the provisions of Section 18-1-404, MCA, that the State is not liable for interest prior to or after judgment or for punitive damages.
We turn next to the issue raised by Goodfellow that the delay of the District Court of approximately nine months from the time of hearing to the time of decision was a denial of due process to Good-fellow. Because we have otherwise determined that Goodfellow should prevail on this appeal, we have no occasion to examine the issue whether a District Court delay of such duration had the effect of unconstitutionally denying due process. The issue has become moot.
Accordingly, we reverse the District Court and remand the cause for entry of judgment in favor of Goodfellow and against the State of Montana in accordance with this opinion.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON, WEBER, MORRISON and HUNT concur.