No. 94-389

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

DEBRA M. LUCERO, on behalf of
REBECCA L. BASTIAN, a minor child,

      Plaintiff and Appellant,

   v.

JESSICA MOORE,

      Defendant and Respondent.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Michael J. Lilly, Esq., Berg, Lilly, Andriolo &
         Tollefsen, P.C., Bozeman, Montana

      For Respondent:

         Gene I. Brown, Esq., Landoe, Brown, Planalp &
         Braaksma, P.C., Bozeman, Montana

FILED

AUG 08 1995

Filed: *Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  July 13, 1995

           Decided:  August 8, 1995

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Debra Lucero, on behalf of her daughter Rebecca Bastian,[1] sued Jessica Moore claiming Moore's negligent operation of a motor vehicle caused Bastian's injuries. In a trial before the District Court for the Eighteenth Judicial District, Gallatin County, a jury found Moore's negligence was not the cause of Bastian's injuries. Bastian appeals. We affirm in part and reverse in part.

The issues on appeal are:

1. Did the District Court err in giving Jury Instruction No. 7 on intervening, superseding causation?

2. Did the District Court err in refusing to give Bastian's proposed Jury Instruction No. 18 on concurrent causation?

3. Did the District Court err in giving Jury Instruction No. 8 on foreseeability of the intervening act?

Moore, Bastian, and Stephanie Fratz were high school friends. On the evening of May 29, 1992, the three girls left Belgrade, Montana, to take the short drive to Bozeman to go to a movie. Moore drove her parents' Subaru station wagon. She picked up Fratz and Bastian and the three girls proceeded toward Bozeman on Montana Highway 10. Bastian sat in the rear seat and Fratz sat in the front passenger seat. Fratz was turned sideways in her seat, enabling her to converse with Bastian in the rear seat.

Moore held the steering wheel with one hand placed at the bottom center of the wheel. In an attempt to "liven up the mood"

_____

[1] For simplicity, we will refer to plaintiff in this case as Bastian.

2

of her passengers, Moore pumped the gas pedal and jiggled or "tweaked" the steering wheel. The vehicle swerved slightly from side to side.

At this point the girls' stories vary. Moore and Bastian testified that Fratz reached across the front seat and grabbed the steering wheel with her right hand. They claimed Fratz took hold of the steering wheel at approximately the one o'clock position and pulled it to approximately the five o'clock position. This caused the vehicle to swerve drastically to the right.

Fratz denied "grabbing" the steering wheel. Rather, Fratz testified that she merely contacted it with her left hand. Fratz claimed that she only moved the steering wheel a few inches.

In any event, after Fratz touched the steering wheel, Moore grasped the wheel with both hands and attempted to control the vehicle. Moore overcorrected and was unable to regain control. The vehicle swerved off the left side of the highway and rolled. Bastian was thrown from the vehicle. The vehicle came to rest on top of Bastian, pinning her underneath it.

Bastian suffered three broken bones in her neck as well as a fractured jaw. She was required to wear a neck brace and underwent extensive rehabilitation.

Bastian brought suit, claiming that her injuries were a result of Moore's negligent operation of the vehicle. Moore argued that Bastian's injuries were caused by Fratz's intervening negligence.

Following trial, the jury was presented with a special verdict form. The jury found that Moore was negligent but also found that her negligence was not the cause of Bastian's injuries.

Bastian appeals on the grounds that the jury was improperly instructed on the law relevant to the facts presented at trial.

Issue 1

Did the District Court err in giving Jury Instruction No. 7 on intervening, superseding causation?

The District Court has discretion in instructing the jury and we will not overturn the court's decision concerning jury instructions absent an abuse of discretion. Chambers v. Pierson (1994), 266 Mont. 436, 442, 880 P.2d 1350, 1354. Jury instructions must be read as a whole, taking into account the parties' claims and the evidence presented. Hall v. Big Sky Lumber and Supply, Inc. (1993), 261 Mont. 328, 863 P.2d 389. We will reverse the district court if the instructions are so inconsistent or contradictory that they would confuse the average juror. Goodnough v. State (1982), 199 Mont. 9, 14, 647 P.2d 364, 367.

The District Court's Jury Instruction No. 7 reads as follows:

> A superseding intervening event is an unforeseeable event that occurs after the Defendant's original act of negligence, and the superseding intervening event cuts off the Defendant's liability.

Bastian argues that this instruction is improper. She first claims that this instruction is inapplicable to the evidence introduced at trial. She argues that, based on the evidence introduced, this is a case of concurrent causation, not intervening, superseding causation. Bastian insists that because Fratz's negligence

4

occurred simultaneously with, or in immediate succession to Moore's negligence, concurrent causation, and not intervening, superseding causation, is the applicable legal doctrine in this case. See Halsey v. Uithof (1975), 166 Mont. 319, 532 P.2d 686; Restatement (Second) of Torts § 433 and comments.

First, we note that the court sufficiently instructed the jury on Bastian's theory of the case. Instruction No. 5 reads:

> The defendant is liable if her negligence was the cause in fact and proximate cause of plaintiff's injuries.
>
> The defendant's conduct is a cause in fact of the plaintiff's injuries if it is a substantial factor in bringing them about.
>
> The defendant's conduct is a proximate cause of the plaintiff's injuries if it appears from the facts and circumstances surrounding the incident that an ordinarily prudent person could have foreseen that injury would be a natural and probable consequence of the conduct. However, the specific injury that actually occurred need not have been foreseen.

Instruction No. 6 reads:

> In order for the Defendant's conduct to be the proximate cause of the Plaintiff's injuries, it must appear from the facts and circumstances surrounding the accident that the Defendant as an ordinarily prudent person could have foreseen that the Plaintiff's injuries would be the natural and probable consequences of that conduct.

Pursuant to these instructions, the jury could have determined that Moore's negligence and Fratz's negligence were concurrent causes of the accident and that each was a proximate cause of Bastian's injuries. The Court notes that Instruction No. 5 is not grounds for reversal but is not recommended for future use on the issue of concurrent causation.

Bastian argues that Moore was not entitled to Instruction No. 7 because the two acts of negligence occurred simultaneously or in immediate succession. As such, Bastian argues this is a case of concurrent causation, not intervening, superseding causation.

We disagree. Determining whether two negligent acts are concurrent causes of an injury or if one is an intervening, superseding cause is not controlled by proximity in **time**, but rather must be determined on a case-by-case basis.

The facts in this case warranted an instruction on intervening, superseding causation. In a factually similar case, the Minnesota Supreme Court phrased the issue and the applicable test to be applied as follows:

> Was the act of defendant Butler in grabbing the steering wheel of the automobile which plaintiff was driving and swinging the vehicle to the left across the highway and into the ditch on the plaintiff's left side such an intervening force as to supersede the original negligence of defendant Knudsen?
>
> . . . .
>
> Tested in the light of the above rules, we believe that the act of Butler was unforeseeable; that it was not the normal response to the situation created by Knudsen; and that it was so extraordinary that it must be held to constitute an efficient intervening cause.

Robinson v. Butler (Minn. 1948), 33 N.W.2d 821, 824. The doctrine of intervening, superseding causation is relevant to the facts of this case and the court did not abuse its discretion in giving an instruction on that theory.

We conclude that the District Court did not abuse its discretion by giving Instruction No. 7, and that the court did not

err by failing to instruct further on intervening, superseding cause.

## Issue 2

Did the District Court err in refusing to give Bastian's proposed Jury Instruction No. 18 on concurrent causation?

Bastian's proposed Jury Instruction No. 18 reads:

> More than one person may be liable for causing an injury. A defendant may not avoid liability by claiming that some other person, whether or not named as a defendant in this action, helped cause the injury.

Bastian argues her proposed Instruction No. 18 is a proper statement of Montana law and is applicable to this case.

Bastian's theory of the case is concurrent causation. Moore's theory of the case is intervening, superseding causation. The court adequately instructed the jury on Bastian's theory of the case in Instruction Nos. 5 and 6. The court adequately instructed the jury on Moore's theory of the case in Instruction No. 7.

We conclude that the District Court adequately instructed the jury on Bastian's theory of the case. We hold that the court did not abuse its discretion in refusing Bastian's proposed Instruction No. 18 as it was repetitive, incomplete and confusing in light of the facts and the other instructions given by the court.

## Issue 3

Did the District Court err in giving Jury Instruction No. 8 on foreseeability of the intervening act?

Instruction No. 8 reads as follows:

> Plaintiff has the burden of proving by a preponderance of the evidence that the acts of Stephanie Fratz were foreseeable by the Defendant, Jessica Moore.

7

Moore raised the issue of intervening, superseding cause as an affirmative defense in her Answer to Complaint and Demand for Jury Trial.

The burden of proof is upon the party raising an affirmative defense. In E.F. Matelich Const. Co. v. Goodfellow Bros., Inc. (1985), 217 Mont. 29, 702 P.2d 967, we stated "[w]aiver is an affirmative defense (Rule 8(c), M.R.Civ.P.) and thus the burden of proof is on the party raising the affirmative defense." E.F. Matelich, 702 P.2d at 969. Therefore, the burden of proof is upon Moore to establish that Fratz's conduct was an intervening, superseding cause of the accident.

Instruction No. 8 shifts the burden of proof of the affirmative defense of intervening, superseding cause to Bastian. Under that instruction, Bastian is required to prove that Fratz's conduct was not an intervening, superseding cause of the accident. Therefore, Instruction No. 8 wrongfully shifts the burden of proving an affirmative defense from the defendant Moore to the plaintiff Bastian.

We conclude that the District Court abused its discretion in giving Instruction No. 8.

The decision of the District Court is affirmed in part and reversed in part and remanded for a new trial.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document

with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices

9

August 8, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Michael J. Lilly, Esq.
Berg, Lilly, Andriolo & Tollefsen, P.C.
910 Technology Blvd., Suite A
Bozeman MT 59715

Gene I. Brown, Esq.
Landoe, Brown, Planalp & Braaksma, P.C.
Box One
Bozeman MT 59771-0001

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy