No. 93-118

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

LEONARD J. HALL,

      Plaintiff and Appellant,

  -v-

BIG SKY LUMBER & SUPPLY, INC.,
a Montana Corporation: STUART
RASMUSSEN; DANIEL RASMUSSEN:
PATRICIA RASMUSSEN: and WESLEY
N. NORMANDIN,

      Defendants and Respondents.


APPEAL FROM:    District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Michael Keedy, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Kenneth E. O'Brien, Hash, O'Brien and Bartlett,
          Kalispell, Montana

      For Respondent:

          Shelton C. Williams, Williams & Ranney, Missoula,
          Montana


FILED

Filed: NOV -2 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: September 2, 1993

Decided: November 2, 1993

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a jury verdict in the Eleventh Judicial District, Flathead County, finding for the defendant, Big Sky Lumber. We affirm in part and reverse in part.

We consider the following issues:

1. Did the District Court abuse its discretion in instructing the jury?

2. Did the District Court abuse its discretion in excluding certain testimony by Patrolman Monthye concerning his evaluation of the connection between the metal post he found in the ditch and the rig's brake system?

3. Did the District Court abuse its discretion in denying evidence of Normandin's citation because of defense counsel's conduct during closing argument?

This case involves a motor vehicle accident that occurred on August 19, 1985 on U.S. Highway 93 about 4.2 miles west of Whitefish, Montana. Construction was occurring at this stretch of the roadway. Both appellant Leonard Hall (Hall) and respondent Wes Normandin (Normandin) were headed west within the stretch of road under construction. Several flagpersons were located along this stretch of road. Hall was in his Ford pickup directly in front of Normandin's fully loaded logging rig. Four other vehicles were in front of Hall. A road paver with several workmen on it was also located within the area of the construction.

Normandin approached the rear of Hall's pickup going approximately 35 miles per hour. Normandin's brakes failed and he

2

was unable to bring the loaded logging rig to a stop. The flag person located at the far end of the construction motioned the four cars in front of Hall to keep going. Hall attempted to get out of his truck because of the runaway truck behind him, but was unable to get out of the way of the careening rig. The men on the paver jumped clear of the machine and were able to retreat from the impact site. Hall's pickup was struck from behind and he allegedly suffered personal. injury.

The accident was investigated by Highway Patrolman Ervin **Monthye** (Monthye). **Monthye** arrived at the scene approximately 40 minutes after the accident had occurred. **Monthye** checked the brakes of the tractor and found that they were warm. The brakes on the loaded trailer were not warm, indicating that they had not been engaged. **Monthye** noticed that the trailer brakes were covered with an orange substance. Both the regular brakes and the emergency air reservoir which enabled the emergency brake system to function had the orange substance on them.

Normandin contends that a professional checked the brakes only one and a half months before the accident and they were in good working condition. Further, he asserts that he had himself checked the entire brake system on the rig before he moved it on the day of the accident. Normandin contends that the brake failure was totally unexpected and that it must have been caused by whatever left the orange color on the brake systems.

Of possible significance was testimony at trial that while traveling through the construction site, Normandin passed a flatbed

3

truck carrying orange colored road markers.  **Also, Monthye** testified that following the accident an orange post was found in a ditch where Normandin's truck had finally stopped.  Testimony indicated that **the** post was possibly from the rear end of the road paving machine and could have been knocked off when the rig rushed past the paving machine.  Normandin contends that whatever caused the brake failure left the orange color on the brakes and that must have happened prior to his loss of brakes at the construction site. Hall argues that the orange color on the brakes came from the paving machine post found several days after the accident in a nearby ditch.  Hall's contention is that if the orange color found on the brakes came from the paving machine post, Normandin's brake failure occurred before the brakes acquired the orange color.

A trial was held on August 4 through 10, 1992.  A jury found no negligence on the part of defendants.  This appeal follows.

### I.

Did the District Court abuse its discretion in instructing the jury?

Hall argues that the trial court erred in giving Normandin's instruction #22 and in refusing to give his own instructions #23 and #42.  It is within the district courts' discretion to decide how to instruct the jury, taking into account theories of contending parties, and this Court will not overturn the district courts except for abuse of discretion.  Cline v. Durden (1990), 246 Mont. 154, 803 **P.2d 1077.**  On review by this Court, all jury instructions must be read as a whole and the party assigning error to the **court's** instructions must show prejudice in order to

4

prevail. Walden v. State (1991), 250 Mont. 132, 818 P.2d 1190. such prejudice will not be found if the jury instructions in their entirety state the applicable law of the case. Walden, 250 Mont. at 137, 818 P.2d at 1193.

### Court's Instruction #25

The court gave defendants' proposed instruction #22 as its instruction #25:

> An involuntary violation of a statute in an emergency due to circumstances beyond an operator's control is not negligence as a matter of law. (Emphasis added.)

Hall argues that this instruction was taken from Lyndes v. Scofield (1979), 180 Mont. 177, 589 P.2d 1000, and that the instruction was misquoted. Normandin agrees that the source of the instruction was the Lvndes case but argues that the instruction was proper. We disagree.

While instructions must be read as a whole, the above instruction was not taken from the Lvndes case in its correct form. Lvndes involved a vehicular accident occurring on icy roads. The defendant hit a chuckhole in the road and her car skidded and hit another car driven by the Lyndes.

The Lvndes jury returned a verdict that defendant was not negligent. In granting a new trial, the district court determined that Scofield was guilty of negligence as a matter of law. On appeal, we disagreed, stating that:

> The trial court concluded that the chuckhole hit by Scofield was a "condition of the surface" which Scofield was bound to take into account in operating her vehicle. While a chuckhole undoubtedly is a condition of the surface whose presence should be taken into account, we disagree under the facts of this case that Scofield was

5

negligent as a matter of law.

Lvndes, 180 Mont. at 181, 589 P.2d at 1002. We concluded that the court erred in determining a jury question.

> Whether under the circumstances present the defendant was negligent appears to be a fact question and fact questions must be submitted to a jury under appropriate instructions.. (Emphasis added.)

Lvndes, 180 Mont. at 181, 589 P.2d at 1002. In stating that the district dourt erred in making its determination "as a matter of law," we determined that:

> It is well established that involuntary violation of a statute in an emergency due to circumstances beyond the actor's control does not constitute negligence per se .
> . . . Rather, Scofield's presence in the incorrect lane is only prima facie evidence of negligence which may be rebutted . . . This raises a factual issue which must be left to the jury to decide.

Lvndes, 180 Mont. at 185, 589 P.2d at 1004.

As in the aforementioned quote from Lvndes, negligence per se describes the situation where violation of a statute was the proximate cause of the injury received and the resulting damages. Hendrickson v. Neiman (1983), 204 Mont. 367, 665 P.2d 219. While it is true that "as a matter of law" may be construed as the equivalent of "per se," a jury instruction which uses the "as a matter of law" language instead of the "per se" wording is basically misleading. In substance, the jury could interpret the instruction:

> As a matter of law, an involuntary violation of a statute in an emergency due to circumstances beyond an operator's control is not negligence.

This is not the holding in Lvndes. In addition, it is not a correct statement of the law. As given, the instruction improperly

6

limits the fact finding function of the jury.

We conclude that because the trial court presented an instruction on a key issue of law which was incorrect as a matter of law, a reversal is required. We hold that the District Court improperly instructed the jury by issuing its instruction #25. We reverse on this issue and remand for trial.

### Plaintiff's Drowosed Instruction No. 23

For assistance on retrial, we review plaintiff's objection to the court's refusal to use his proposed instruction #23 which stated:

> You are instructed as a matter of law that the Defendant was negligent.

The defendant correctly argues that the inclusion of such an instruction would have amounted to a directed verdict on the issue of liability. This is not a correct statement of the law to be applied in this case. The court correctly declined to instruct the jury with this instruction.

### Plaintiff's Prowosed Instruction #42

This proposed instruction concerns §§ 61-9-308 and 61-g-301, MCA. These statutes provide that a "towing vehicle" must be equipped with two sets of brakes in case one of the systems fails. One of the two systems must be manual. Hall argues that the court's failure to give these proposed instructions prejudiced his case. Normandin argues that this was not an issue at trial: that no evidence one way or the other was introduced during the trial.

No evidence was produced at trial to indicate that the vehicle driven by Normandin was or was not a "towing" vehicle of the type

7

meant by the statute. **Hall's** proposed instruction **concerns** a "towing vehicle, when used to tow another vehicle." Section 61-9-308(1), MCA. The record is devoid of any evidence that the vehicle driven by Normandin was this type of vehicle and that it did not conform to statutory regulations. We conclude the instruction was properly excluded.

II.

Did the District Court abuse its discretion in excluding certain testimony by Patrolman **Monthye** concerning his evaluation of the connection between the metal post he found in the ditch and the damage to the **rig's** brake system?

Hall called **Monthye** to testify that the damage and orange coloration of Hall's braking system was caused by the collision with the paving machine which broke off a metal post located at the back of the paver, causing the post to rumble around under the trailer. Normandin objected to this line of questioning as improper opinion evidence from a lay witness; the court sustained the objection.

Hall argues that Rule 701 M.R.Evid., permits non-expert witnesses to give their opinion as long as that opinion is based upon their own perceptions or is helpful to a determination of the fact at issue. Normandin contends that the District Court acted properly in sustaining the testimony because it called for an opinion only an expert would be qualified to make and **Monthye** was not qualified as an expert witness. Further, Nonnandin points out that an offer of proof was made to the trial judge who heard, out of the presence of the jury, the intended testimony and determined that it was not permissible lay witness testimony.

8

The court permitted **Monthye** to testify that he was uncertain after his investigation at the **scene** of what had caused the damage to the brakes. He further testified that he went to the scene three days after the accident and found an orange pipe in the ditch where the loaded rig had come to rest after failing to stop. He testified that the color of the pipe was the same orange color as that found on the brakes. Also, he testified that the pipe had come from the vertical corner mount on the paver. **Monthye** was not permitted to testify as to how the pipe got in the ditch or to the relation of the pipe to the accident.

The questionable testimony was presented to the trial judge as an offer of proof out of the hearing of the jury:

Q [to Monthye]. . . . based upon what you had observed in looking at the orange post and in looking at the damage to the brakes what you had determined what, if anything, the orange post had to do with damaging the brakes. Would you tell the judge what you had determined in that regard based on your investigation?

A. Well, yes. I had determined that the truck tractor and trailer came down the road, tried to go between the paver and the Burlington Northern [Hall's truck], pushed them both aside and, as it brushed by the paver, it knocked that corner post off and the corner post got down and rumbled around underneath the trailer. That was my conclusion.

The District Court refused to allow this testimony in the presence of the jury because in the pre-trial ruling, Officer **Monthye** had not been listed as an expert witness and could not be questioned as one. From the record in the case, the court could have concluded that **Monthye** as a patrolman should have been listed as an expert witness. For **Monthye** to testify as an expert he would have to be listed as an expert witness on the pre-trial order. At retrial,

9

any foundation for a particularized skill in accident reconstruction could be laid. Without such skill, **Monthye** is only a lay witness.

A non-expert witness is generally limited to testifying to matters of fact. <u>Walden,</u> 250 Mont. at 144, 818 **P.2d** at 1197. **Any** lay opinions given must be based upon the witness's own perceptions or helpful to a clear understanding of the witness's testimony or a determination of a fact at issue. Rule 701, M.R.Evid. As a lay witness, **Monthye's** testimony concerning the cause of the accident would be error. This testimony has no foundation in **Monthye's** own perception nor is there evidence here of Monthye's specialized skill in reconstructing accidents. On retrial, if **Monthye** is to testify as an expert, he should be listed as such prior to trial proceedings, and qualified as an expert at trial.

We conclude that a review of the record indicates that as a lay witness, **Monthye** correctly testified to those activities which he had perceived. We hold that the District Court did not abuse its discretion in excluding certain testimony by Patrolman **Monthye** concerning his evaluation of the connection between the metal post he found in the ditch and the damage to the rig's brake system?

### III.

Did the District Court abuse its discretion in denying evidence of Normandin's citation because of defense counsel's conduct during closing arguments?

**Monthye** issued Normandin a citation at the scene for "inadequate or defective brakes." Normandin made a motion in limine that evidence of this citation be excluded at trial. The

10

court granted Normandin's motion. **Normandin's** counsel made a statement during his closing arguments that **"if** there were any defects or problems with that braking system at all, you can be sure that Patrolman **Monthye** or Patrolman Jacobson or somebody would have told you about that." Following the argument, Hall's counsel sought permission of the court to enter into evidence the citation Normandin had been given at the scene for defective brakes. The court denied the request. Hall then moved for a mistrial which the court also denied.

Hall argues that his case was prejudiced by defense counsel's statement to the jury and by the failure of the court to admit the citation. Normandin argues that the comment objected to by Hall was taken out of context, and that when viewed in the proper context, the sentence was proper.

The objectionable statement was made within the following context of the closing argument:

> The undisputed evidence shows that the truck was in compliance with all brake statutes. If it wasn't, it was examined by a highway patrolman within about 45 minutes of the time of the accident. It was impounded by the highway patrol after the accident for examination. If there were any defects or problems with that braking system at all, you can bet that Patrolman **Monthye** or Patrolman Jacobson or somebody would have told you about that. There is [sic] no problems with that braking system other than the orange impact damage.

District courts have great discretion in the admittance of evidence and we will not overturn a court's decision unless the court abused its discretion. Miranti v. **Orms (1992),** 253 Mont. 231, 833 **P.2d** 164. Hall argues that it is unfair for Normandin to seek a motion in limine to prevent evidence of the initial citation

11

and then tell the jury that if any defect had been found it would have been a part of Monthye's testimony. The citation itself is not indicative of anything but that the trailer brakes failed. Evidence of the issuance of a citation is not determinative of the cause of an accident. Hart-Anderson v. **Hauck (1989),** 239 Mont. 444, 781 **P.2d** 1116. We conclude that it was properly excluded.

However, the subsequent argument by defense counsel to the jury is improper legal maneuvering. Defense counsel cannot ask to have evidence excluded and then argue that if the evidence existed it would have been admitted. Such argument should not be made on retrial.

We affirm in part and reverse in part and remand for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

12

November 2. 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Kenneth E. O'Brien
HASH, O'BRIEN & BARTLETT
P.O. Box 1178
Kalispell, MT 59903

Shelton C. Williams
WILLIAMS & RANNEY
P.O. Box 9440
Missoula, MT 59807-9440


                                ED SMITH
                                CLERK OF THE SUPREME COURT
                                STATE OF MONTANA

                                BY:_____
                                    Deputy