No. 02-714

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 74

RICHARD T. DALE, JOANN M. DALE, and LITTLE
BEAR MINING AND EXPLORATION, INC.,

       Plaintiffs and Appellants,

   v.

THREE RIVERS TELEPHONE COOPERATIVES, INC.,

       Defendant and Respondent.

APPEAL FROM:    District Court of the Fifth Judicial District,
                  In and for the County of Madison, Cause No. DV 29-00-39,
                  The Honorable Wm. Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              Donald C. Robinson, Poore, Roth & Robinson, P.C., Butte, Montana

       For Respondent:

              Daniel J. Roth, Attorney at Law, Bozeman, Montana

Submitted on Briefs: July 2, 2003

Decided:  March 29, 2004

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Appellants Richard T. Dale, JoAnn M. Dale and Little Bear Mining and Exploration, Inc. (the Dales) filed a Complaint in Montana's Fifth Judicial District Court, Madison County, against Defendant Three Rivers Telephone Cooperative, Inc. (Three Rivers) alleging negligence as a result of a fire which destroyed the Dales' property near Twin Bridges, Montana. The jury found no negligence on the part of Three Rivers. The Dales appeal. We affirm in part, reverse in part, and remand.

¶2 The Dales raise four issues on appeal which we restate as follows:

¶3 1. Did the District Court abuse its discretion when it denied the Dales' motion for a new trial based on their contention that the District Court erred when it refused their Proposed Jury Instructions 8 and 13?

¶4 2. Did the District Court abuse its discretion when it denied the Dales' motion for a new trial based on their contention that the District Court erred when it refused their Proposed Jury Instruction 7?

¶5 3. Did the District Court abuse its discretion when it denied the Dales' motion for a new trial based on their contention that Three Rivers unfairly took advantage of an order *in limine*?

¶6 4. Did the District Court err when it refused to grant a new trial because as a matter of law there was insufficient evidence to support the jury's verdict?

¶7 Because of our disposition of the first and third issues, we do not reach the fourth issue.

## BACKGROUND

¶8     On September 1, 1998, Three Rivers was plowing underground telephone lines on a public right-of-way near Twin Bridges, Montana.  The metal tracks of their trenching equipment created a spark which  ignited dry grass near the roadway, resulting in a fire which destroyed almost 90 acres of the Dales' property.  That day fire danger in the area was rated as "very high."  The temperature was in the 90s and winds of up to 20-30 miles per hour were blowing.  Three Rivers' crew working at the site was unable to suppress the fire with their fire extinguishers and other equipment on hand.  The fire had to be suppressed by local, state and federal authorities.

¶9     The Dales brought an action against Three Rivers for negligence as a result of the fire.  The jury found that the Defendant was not negligent.  The Dales appeal, alleging the District Court erred by refusing certain jury instructions, allowing Three Rivers to take advantage of an order *in limine*, and refusing to grant a new trial when the evidence was insufficient to support the jury's verdict.

## STANDARD OF REVIEW

¶10     "It is within the district courts' discretion to decide how to instruct the jury, taking into account theories of contending parties, and this Court will not overturn the district courts except for abuse of discretion."  *Hall v. Big Sky Lumber, Inc.* (1993), 261 Mont. 328, 332, 863 P.2d 389, 392.

¶11     "The standard of review of a district court's denial of a motion for a new trial is manifest abuse of discretion.  The decision to grant or deny a new trial is within the sound discretion of the trial judge and will not be disturbed absent a showing of manifest abuse of

that discretion." *Satterfield v. Medlin*, 2002 MT 260, ¶ 14, 312 Mont. 234, ¶ 14, 59 P.3d 33, ¶ 14.

## DISCUSSION

## ISSUE ONE

¶12    Did the District Court abuse its discretion when it denied the Dales' motion for a new trial based on their contention that the District Court erred when it refused their Proposed Jury Instructions 8 and 13?

¶13    The Dales contend the District Court erred when it refused to give Plaintiffs' Proposed Jury Instructions numbered 8 and 13.  The Dales' Proposed Instructions would have informed the jury of a higher degree of care required when engaging in hazardous or potentially hazardous activity and explained that Three Rivers was engaged in a dangerous activity the day of the fire.  Proposed Instruction No. 8 stated:

> A person, firm, or corporation which engages in hazardous activities, or activities which potentially could become hazardous, has a heightened obligation to be extraordinarily careful and prudent, and take appropriate precautionary measures, to prevent the hazard from occurring, or suppressing it once it occurs.

Proposed Instruction No. 13 stated:

> Because of the great danger involved in the use of construction equipment operating in remote, dry and timbered areas of land during the fire season, a person of ordinary prudence will exercise extreme caution when engaged in such an activity.

¶14    The Dales rely on our holding in *Schuff v. Jackson*, 2002 MT 215, 311 Mont. 312, 55 P.3d 387, to support their argument.  In *Schuff*, the plaintiffs were injured when their friend failed to successfully navigate his ski boat through a narrow channel located between a hidden sandbar and underwater rock outcroppings in the Missouri River.  *Schuff*, ¶¶ 6-9.  The

4

driver of the boat knew of the rock formation and understood that it was dangerous to boaters. *Schuff*, ¶ 6. The District Court in *Schuff* instructed the jury as follows:

> Every person is responsible for injury to the person of another, caused by his negligence. Negligence is the failure to use reasonable care. Negligence may consist of action or inaction. A person is negligent if he fails to act as an ordinarily prudent person would act under the circumstances.

*Schuff*, ¶ 36. Schuff's proposed instruction regarding the standard of care stated:

> The care required of the defendant is always reasonable care. This standard never varies but the care which it is reasonable to require of the defendant varies with the danger involved in his act, and is proportionate to it. The greater the danger, the greater the care which must be exercised.

*Schuff*, ¶ 35. This Proposed Instruction was patterned after § 298 of the Restatement (Second) of Torts, cmt. b (1965), which was adopted by this Court in *Estate of Strever v. Cline* (1996), 278 Mont. 165, 174, 924 P.2d 666, 671. *Schuff*, ¶ 35. Schuff argued on appeal, and we agreed, that the District Court should have granted a new trial based on its failure to give the above proposed instruction. We held:

> While the given instruction expresses the general duty of care required of individuals in negligence actions, it fails to inform the jury of a possible greater duty of care in situations where danger is greater, as was the case here. Jackson's knowledge of the rock formation's existence and its potential danger increased the duty of care imposed on him, and the jury should have been informed of that as a matter of law.

*Schuff*, ¶ 37.

¶15 In the present case, there is sufficient evidence to show that Three Rivers was aware of the danger involved in their activity. However, Three Rivers argues that the Proposed Instruction in *Schuff* is distinguishable from the Dales' Proposed Instructions. The *Schuff* instruction stated that the reasonable care exercised should be proportionate to the danger involved; the Dales' Proposed Instructions stated that a "heightened obligation to be

5

extraordinarily careful and prudent" exists when engaged in certain activities and that "extreme caution" should be exercised. Three Rivers contends the Dales' Proposed Instructions 8 and 13 are misstatements of the law.

¶16    We agree that the Dales' Proposed Instructions 8 and 13 are not accurate statements of the law; however, neither is the instruction given by the District Court. We note that *Schuff* was not decided until several months after the present case was tried, so neither the parties nor the District Court had the opportunity to rely on *Schuff*. On remand, we instruct the District Court to instruct the jury in accordance with *Schuff* and our holding herein.

ISSUE TWO

¶17    Did the District Court abuse its discretion when it denied the Dales' motion for a new trial based on their contention that the District Court erred when it refused their Proposed Jury Instruction 7?

¶18    At trial, Three Rivers' defense was based, at least in part, on the fact that no governmental restrictions were in place which would have prohibited or restricted its construction activity the day the fire ignited, and therefore no additional precautions were warranted. On appeal the Dales argue Three Rivers was allowed to unfairly lead the jury to believe that Three Rivers had no obligation to take precautions against fire because there were no governmental restrictions against their activity. The Dales assign error to the District Court for rejecting their Proposed Instruction numbered 7, which stated:

> A person, firm, or corporation which engages in hazardous activities, or activities which potentially could become hazardous, may not delegate away its legal obligation to use reasonable care in the mode and matter of its operations, nor may it avoid liability arising from a dangerous activity over which it has sole and exclusive control, by its reliance upon a third party to warn it of the hazardous conditions which its activities pose to the public.

6

The Dales argue this instruction would have properly informed the jury that Three Rivers still had an obligation to use reasonable care, regardless of whether the government imposed restrictions due to the fire danger.

¶19    The Dales cited to several sources for Proposed Instruction 7: *McMillan v. United States* (9th Cir. 1997), 112 F.3d 1040; *McCall v. United States v. Dept. of Energy* (9th Cir. 1990), 914 F.2d 191; *Kemp v. Big Horn County Elec. Co-op* (1990), 244 Mont. 437, 798 P.2d 999.  The cases cited, however, do not support the Dales' contention that Proposed Instruction 7 should have been given.  In none of the cases did the parties try to rid themselves of obligations or negligence by stating that it was a third party's duty to warn of the hazards involved.  As such, we agree with the District Court that Proposed Instruction 7 was not warranted and hold that the District Court did not err when it refused to grant a new trial on this issue.

### ISSUE THREE

¶20    Did the District Court abuse its discretion when it denied the Dales' motion for a new trial based on their contention that Three Rivers unfairly took advantage of an order *in limine*?

¶21    Prior to trial, the District Court granted Three Rivers' motion *in limine* precluding the Dales from referring to the fact that Three Rivers received a demand for payment by any federal or state agency or other third person for the costs and expenses of fire suppression and property damage.  Three Rivers did indeed receive such a demand letter from the Department of Natural Resources (DNRC) and local fire suppression agencies, which Three Rivers paid.

7

¶22 The Dales contend that Three Rivers unfairly took advantage of this order *in limine* when counsel for Three Rivers asked Three Rivers' safety officer, Shannon Ostlie, whether Three Rivers received any citations from local, state or federal agencies as a result of the fire. Following that, on redirect examination the Dales' attorney asked Ostlie whether Three Rivers was required to pay the government for the costs of the fire suppression. Counsel for Three Rivers objected and after discussing the matter in chambers, the District Court did permit the Dales' counsel to ask whether Three Rivers was billed by DNRC for the costs of fire suppression.

¶23 The Dales argue on appeal that this created an unfair situation that was misleading to the jury and that they should have also been allowed to ask whether Three Rivers had paid the fire suppression bill. We agree. We addressed a similar situation in *Griffith v. Montana Power Company* (1990), 243 Mont. 246, 794 P.2d 692. In *Griffith*, an order *in limine* precluded the plaintiffs from showing evidence of Occupational Safety and Health Act (OSHA) violations. The plaintiffs honored the order *in limine*, but the defendant, Montana Power Company (MPC), asked a witness whether there were any OSHA violations and subsequently referred to the lack of OSHA violations a number of times. The District Court granted a new trial because MPC had unfairly taken advantage of the order *in limine*. We affirmed the District Court's decision, stating:

> We agree that the District Court properly granted a new trial and conclude there was no abuse of discretion. The effect of the court's rulings, including instructions, was to deny the plaintiffs an opportunity to present any evidence of OSHA violations by MPC or by Williams for which MPC could be held vicariously liable. On the other hand, the effect was to allow MPC to present its theory of compliance with OSHA . . . regulations, to their obvious benefit. We hold that the District Court did not err in granting plaintiffs a new trial.

8

*Griffith*, 243 Mont. at 251, 794 P.2d at 696.

¶24    Here, Three Rivers opened the door by asking Ostlie whether Three Rivers received any citations from local, state or federal agencies as a result of the fire.   Three Rivers unfairly took advantage of the order *in limine*.   Under the circumstances, the District Court should have allowed the Dales to pursue a line of questioning that would have revealed that Three Rivers paid the fire suppression costs in response to the demand letter from DNRC. The District Court erred when it denied the Dales' motion for a new trial.

¶25    Affirmed in part, reversed in part and remanded.


                                        /S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE


Justice John Warner Dissenting.

¶26    I dissent.  I would affirm the District Court, as I dissent on Issues One and Three and would reach and affirm Issue Four.

¶27    Regarding Issue One, the question before the Court is whether the District Court erred in refusing the Dales' proposed instructions on duty of care.  As the Opinion itself points out in ¶ 16, the Dales' instructions are simply not accurate statements of the law.  Restatement (Second) of Torts § 298, cmt. b (1965), reads as set out by the *Schuff* proposed instruction quoted in the Opinion at ¶ 14, i.e., "The greater the danger, the greater the care which must

be exercised" and is applicable to situations where heightened care should be exercised. *Schuff*, ¶ 35. By use of words and phrases such as "extraordinarily," "extreme caution," and "prevent," the Dales' proposed instructions 8 and 13 use language which goes far, far beyond the Restatement § 298 language adopted by this Court. *See also Estate of Strever*, 278 Mont. at 174, 924 P.2d at 671.

¶28 As the District Court stated during the argument settling the instructions, "that's the problem the Court has [with the Dales' proposed instructions], the use of . . . 'extreme.'" Therefore, the District Court's refusal of the Dales' instructions is not error. Indeed, if the court had accepted the instructions proposed by the Dales, the words "extreme" and "extraordinarily" would be close to a directed verdict for the Dales. Such a result is not required by "the greater the danger, the greater the care which must be exercised" language of § 298.

¶29 Given that the court did not err in denying the Dales' proposed instructions, the question then becomes whether or not the court's subsequent actions were error. Under Rule 51, M.R.Civ.P., "No party may assign as error the failure to instruct on any point of law unless that party offers an instruction thereon." *Starkenburg v. State* (1997), 282 Mont. 1, 25, 934 P.2d 1018, 1032. In *Schuff*, proper § 298 language was offered by the plaintiff. Therefore, the decision in *Schuff* contrasted the heightened duty of care instruction with the standard instruction in light of the facts.

¶30 In this case, although § 298 could be applicable to the facts here, a correct instruction was simply not offered. As a result, the court gave the jury standard duty of care language as offered by both parties. The instructions given read:

10

> Instruction No. 16 (Defendant's Proposed Instruction No. 13)
> Every person is responsible for the negligent injury to the person or property of another.
> Negligence is the failure to use reasonable care. Negligence may consist of action or inaction. A person is negligent if that person fails to act as an ordinarily careful person would act under the circumstances.
>
> Instruction No. 18 (Plaintiff's Proposed Instruction No. 12)
> The amount of caution required of a person in the exercise of ordinary care depends upon the conditions apparent to him or that should be apparent to a reasonably prudent person under circumstances similar to those shown by the evidence.

I would hold that because the basic standard of care instructions represent a theory applicable to the case, the District Court did not err in instructing the jury as it did.

¶31 Further, although a trial court can offer instructions on its own motion under Rule 51, M.R.Civ.P., the court's only duty is to give instructions that, in their entirety, state the law applicable to the case. *Fillinger v. Northwestern Agency, Inc.* (1997), 283 Mont. 71, 76, 938 P.2d 1347, 1350-51. Here, the standard negligence instruction still permitted the Dales to argue the circumstances required a heightened standard of care. *Hanson v. Edwards*, 2000 MT 221, ¶ 31, 301 Mont. 185, ¶ 31, 7 P.3d 419, ¶ 31. Therefore, the instructions that were given were adequate, the District Court did not err in instructing the jury, and a reversal is not required.

¶32 Regarding Issue Three, again, I would hold the District Court did not abuse its discretion. The evidentiary order of the court, granted upon Three Rivers' motion in limine, was intended to prevent the inference that Three Rivers admitted liability when its insurer paid claims from fire suppression agencies. I agree that Three Rivers violated that order when it elicited testimony that it received no citations as a result of the fire.

¶33 However, when Three Rivers' violation of the order was raised by the parties, the

District Court had to decide how best to remedy the damage. The court chose a middle ground suggested in part by the Dales. It allowed the Dales to question the Three Rivers' representative to prove Three Rivers was billed for fire suppression costs. At the same time, the court refused to allow in a letter from DNRC that, by its language, may have constituted an admission of liability by Three Rivers. Further, the Dales specifically asked to introduce evidence that Three Rivers was billed, but stated they did not want to introduce evidence of payment of the bills. Therefore, the court did not admit evidence that Three Rivers paid DNRC. This ruling also prevented inadmissible evidence of payment by a liability insurer. The court stated that it believed evidence of billing by government agencies would balance the impression left by Three Rivers that no violations had occurred, but that evidence of payment would go too far.

¶34 Upon the Dales' motion for a new trial, it was up to the District Court to decide whether Three Rivers' violation was grounds for a new trial. And, in light of its earlier ruling, the court in effect decided there were insufficient grounds for a new trial. Its earlier ruling counterbalanced the advantage Three Rivers had taken, by allowing the Dales to elicit relevant testimony. At the same time, the court prevented the Dales from introducing evidence that could effectively amount to an admission of liability. By considering and balancing the evidence presented to the jury from both parties in reference to the original order regarding the motion in limine, the court avoided the situation that occurred in *Griffith*. In that case, we upheld the district court's grant of a new trial because one party was allowed to introduce one-sided evidence of compliance, while the other party was barred from countering that evidence in any way. Because the court addressed the violation in this case

12

by properly ruling on the examination requested by the Dales, I would hold it did not abuse its discretion in denying the motion for a new trial.

¶35    As to Issue Four, I would hold the District Court properly determined there was sufficient evidence as a matter of law to support the jury's verdict and, therefore, the court properly denied the Dales' motion for a new trial.


/S/ JOHN WARNER