No. 03-784

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 271

DARLENE PAYNE, individually, and as Personal
Representative of the Estate of RAYMOND A. NAUMER,

Plaintiff and Appellant,

v.

JIM KNUTSON and DUTCH KNUTSON,

Defendants and Respondents.

APPEAL FROM:    The District Court of the Eighth Judicial District,
                In and for the County of Cascade, Cause No. CDV 00-1102,
                Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Howard F. Strause and Michael G. Barer, Attorneys at Law,
                Great Falls, Montana

        For Respondents:

                Dennis Clarke and Robert Vermillion, Smith, Walsh, Clarke & Gregoire,
                Great Falls, Montana

                                Submitted on Briefs:  July 14, 2004

                                        Decided:   September 28, 2004

Filed:

        _____
                            Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Darlene Payne appeals from denials of her motions for a new trial and to amend the judgment. We affirm.

¶2 We restate the issues on appeal as:

¶3 Whether the District Court erred in instructing the jury that it need not apportion percentages of negligence to the Knutsons.

¶4 Whether the District Court improperly admitted evidence that painted the Knutsons in a sympathetic light.

¶5 Whether there was insufficient evidence to support the jury's verdict.

¶6 Whether Payne preserved the issue of "sudden emergency" for appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

¶7 This action arises out of the tragic death of Raymond Naumer. Naumer's mother, Darlene Payne, brings this suit on behalf of his estate. On October 25, 1998, Naumer's friend, David Sall, purchased an antique Minneapolis Moline tractor from Jim and Dutch Knutson. Sall and Naumer collected the tractor at the Knutsons' ranch near Geyser, Montana. Sall and Naumer's plan was to load the tractor into the trailer attached to Sall's truck, but, because the model was too wide, the two decided to drive both the truck and the tractor back to Great Falls.

¶8 The Knutsons told Sall that the tractor was "field ready" and that nothing was wrong with it apart from the water pump. On a previous occasion, Sall inspected the tractor and took it for a test drive. At that time he determined that the gears were in working order, and

2

he used the transmission to slow the tractor down.  In his deposition he stated that he did use the brakes, but very briefly.  The tractor had an unusual braking system, with right and left brake pedals for the respective wheels, and a master pedal that engages each wheel.

¶9 In their drive to Great Falls, Sall drove the tractor for some time, and during this time uneventfully negotiated some hills.  After stopping for a break, he and Naumer agreed to switch vehicles.  This was because Naumer lacked a driver's license and so could not legally drive the truck.  However, under Montana law, he could drive farm machinery, such as the tractor.  Naumer then led the way and began driving the tractor up a hill of about a 7 percent grade.  The hill was not as steep as some that Sall had driven over earlier.  Naumer attempted to switch gears and Sall saw him drop a snuff can.  The tractor then began rolling backwards.  Naumer frantically tried to use the various brake pedals or put the machine into gear, but to no avail.  Sall began running beside the tractor telling Naumer to either steer into the hill or jump out.  After approximately nine seconds, Sall could no longer keep up with the machine.  With the vehicle careening out of control, Naumer finally jumped out.  At this moment the tractor swerved and crushed him.

¶10 Darlene Payne subsequently brought this negligence action against the Knutsons.  At trial, Payne argued that the Knutsons either did not sufficiently inspect the tractor's brakes, or did not tell Sall and Naumer that the brakes were deficient.  The parties made a joint inspection of the tractor's remains and discovered that the right brake pad was almost completely worn down.  Importantly, they also found that the dust cover for the right brake was blackened.  In his deposition, Sall stated that the dust cover was not blackened when

they switched vehicles. The Knutsons argue that this may have been because Naumer drove with the right brake engaged. This may have overheated the brake, causing the blackening of the dust cover and a quick deterioration of the right brake pad. With this deterioration Naumer would have been unable to stop the tractor by engaging the right brake pedal or even the master pedal. The left pedal may have been sufficient, but expert testimony stated that he would have had to engage it for a couple seconds, perhaps longer than he did in his panicked state.

¶11    In their testimony, both of the Knutsons gave certain introductory remarks concerning their life histories and hobbies. Dutch Knuston also testified regarding his disabled hips. Payne objected to this testimony on the grounds that it was irrelevant and was designed to elicit sympathy for the Knutsons.

¶12    The court instructed the jury to complete a special verdict form. The form separately asked if Jim Knutson, Dutch Knutson, and Naumer were negligent and were a cause of Naumer's death. Then, it asked the jury to apportion percentages of negligence among the three. At first the jury was deadlocked over whether the Knutsons were negligent at all. After further deliberation, the jury told the court that eight jurors (the threshold number) agreed that the Knutsons were negligent, four did not, and of the eight, six agreed that Naumer was more than 51 percent at fault. Through their instructions, the jury knew that the Knutsons would not be liable if Naumer was more than 51 percent at fault, so the jury asked if it needed to go forward and apportion the negligence percentages for each of the Knutsons. The court answered "no" and the jury subsequently rendered its verdict, finding Naumer more than 51 percent at fault. Before the verdict, Payne objected to the court's "no" answer,

4

requested a new trial and argued that the law requires the jury to apportion negligence to all parties. After the jury delivered its verdict, Payne moved for a new trial and to amend the judgment. Payne now appeals, asking this Court to conclude that Naumer was not negligent as a matter of law, reverse the District Court's refusal to amend the judgment, and remand for a new trial on the issue of damages. In the alternative, Payne asks us to grant her a new trial on all issues. We first address her arguments regarding her request for a new trial.

## DISCUSSION

## ISSUE ONE

¶13 *Whether the District Court erred when it instructed the jury that it need not apportion percentages of negligence to the Knutsons.*

¶14 We give great leeway to the district courts in instructing the jury, and therefore will only overturn a jury instruction in the case of an abuse of discretion. *Dale v. Three Rivers Tels. Coops., Inc.*, 2004 MT 74, ¶ 10, 320 Mont. 401, ¶ 10, 87 P.3d 489, ¶ 10 (citing *Hall v. Big Sky Lumber, Inc.* (1993), 261 Mont. 328, 332, 863 P.2d 389, 392). Furthermore, in an instruction context, we will only overturn a district court's denial of a motion to grant a new trial in the case of a manifest abuse of discretion. *Dale*, ¶ 11 (citing *Satterfield v. Medlin,* 2002 MT 260, ¶ 14, 312 Mont. 234, ¶ 14, 59 P.3d 33, ¶ 14). However, in reviewing a district court's interpretation of a statute our standard of review is to ask whether the conclusions of the district court are correct. *Hidden Hollow Ranch v. Fields*, 2004 MT 153, ¶ 21, 321 Mont. 505, ¶ 21, 92 P.3d 1185, ¶ 21 (citing *Habel v. James,* 2003 MT 99, ¶ 12, 315 Mont. 249, ¶ 12, 68 P.3d 743, ¶ 12).

5

¶15    Payne appeals from a denial of her motion for a new trial. Her appeal is predicated on the argument that the court's advising the jury that it did not have to apportion negligence to the Knutsons was an incorrect conclusion of law because § 27-1-703(4), MCA, states that in a case such as this "[t]he trier of fact *shall* apportion the percentage of negligence of all persons listed in this subsection." (Emphasis added.) The only relevant "persons" here are Naumer and the Knutsons.

¶16    Payne contends that a special verdict form, such as that used here, is designed to force the jury to avoid generalities and pay close attention to the relative fault of the parties. In arguing this, Payne misses the larger rationale behind special verdict forms. In our system of comparative negligence, special verdict forms exist so that the jury can apportion percentages of negligence to the parties. Without apportionment, whether it helps jurors "focus their minds" or not, comparing negligence is impossible. In this case, the purpose of apportionment–determining the degree of fault–was fulfilled when the jury determined that Naumer's negligence exceeded 50 percent and thus he was precluded from recovering against the defendants whose negligence would, of necessity, be less than 50 percent.

¶17    More so, however, whether or not the District Court's conclusions of law regarding § 27-1-703(4), MCA, were correct, Payne's argument has no force if she was not prejudiced. This Court has recognized that in appeals concerning the trial court's instructions to the jury, the appellant must establish prejudice from the erroneous instruction. *Geiger v. Sherrodd, Inc.* (1993), 262 Mont. 505, 509-10, 866 P.2d 1106, 1108 (determining no prejudice when the trial court gave conflicting statements of law); *Drilcon, Inc. v. Roil Energy Corp., Inc.*

6

(1988), 230 Mont. 166, 173, 749 P.2d 1058, 1062 (concluding the presence of extra parties on the special verdict form was not prejudicial because the jury did not apportion any negligence to them); *Fordyce v. Hansen* (1982), 198 Mont. 344, 347, 646 P.2d 519, 521 (stating that there was harmless error in instructing the jury through the bailiff, instead of in open court, on the requirements of the special verdict form).

¶18     Under § 27-1-702, MCA, a plaintiff cannot recover if his contributory negligence exceeds the combined negligence of the defendants. Here, using the special verdict form, ten of the twelve jurors agreed to attribute "greater than 51 percent" negligence to Naumer. At this point, six of those ten jurors would have had to change their minds and ascribe "50 percent or less" negligence to Naumer if the Knutsons were to be at all liable. Whatever negligence these jurors might have apportioned to the Knutsons, it is highly speculative to conclude that the act of apportioning the remaining 49 percent would so exercise their faculties that six of the ten jurors would change their minds as to Naumer's percentage of negligence. Because speculation is all that Payne can offer regarding prejudice, we conclude that the District Court was within its discretion in instructing the jury not to proceed with apportioning the defendants' percentages of negligence.

## ISSUE TWO

¶19     *Whether the District Court improperly admitted evidence that painted the Knutsons in a sympathetic light.*

¶20     When reviewing a district court's evidentiary ruling our standard of review is whether the court abused its discretion. *Kiely Constr. L.L.C. v. City of Red Lodge*, 2002 MT 241,

7

¶ 92, 312 Mont. 52, ¶ 92, 57 P.3d 836, ¶ 92 (citing *Finstad v. W.R. Grace & Co.,* 2000 MT 228, ¶ 43, 301 Mont. 240, ¶ 43, 8 P.3d 778, ¶ 43). The district court has broad discretion in determining the admissibility of evidence. *Kiely Constr.*, ¶ 92. We will not reverse the district court unless the error be "'of such character to have affected the result.'" *Christofferson v. City of Great Falls*, 2003 MT 189, ¶ 19, 316 Mont. 469, ¶ 19, 74 P.3d 1021, ¶ 19 (quoting *In re A.N.*, 2000 MT 35, ¶ 55, 298 Mont. 237, ¶ 55, 995 P.2d 427, ¶ 55). Furthermore, deciding whether the prejudicial effect of the evidence outweighs its probative value is similarly within the district court's discretion. *State v. Detonancour*, 2001 MT 213, ¶ 31, 306 Mont. 389, ¶ 31, 34 P.3d 487, ¶ 31.

¶21 Each of the Knutsons opened their testimony with personal information regarding their family backgrounds and hobbies. Dutch Knutson said he volunteers with the local Johnny Mack band and high school band. Jim Knutson stated that he is a member of the local fire department. Dutch Knutson also testified regarding his disabled hips and the fact that he walks with a limp. Payne argues that this testimony was irrelevant, and seems to argue, in the alternative, that it was overly prejudicial.

¶22 Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, M.R.Evid. As the Knutsons suggest, it was relevant that Jim Knutson volunteers with his fire department. That he was an experienced fireman made it more likely that he was familiar with safety concerns, such as making sure the tractor's brakes worked. Also as the Knutsons suggest, Dutch Knutson's bad hips were

7

relevant. That he was able to use the tractor's brakes even though he had bad hips made it more likely that the young and healthy Naumer could use them if he was not negligent. Although Dutch Knutson's volunteer work with young musicians was not relevant, his remarks on this aspect of his life were brief and introductory and the court was within its discretion to allow them.

¶23 Even though relevant, under Rule 403, M.R.Evid., evidence may be excluded if its probative value is "substantially outweighed" by unfair prejudice. None of the above testimony rises to this level. The District Court did not abuse its discretion.

## ISSUE THREE

¶24 *Whether there was insufficient evidence to support the jury's verdict.*

¶25 When reviewing the district court's refusal to grant a new trial based upon insufficiency of the evidence, our standard of review is to ask if the verdict was supported by substantial credible evidence. *Jenks v. Bertelsen*, 2004 MT 50, ¶ 30, 320 Mont. 139, ¶ 30, 86 P.3d. 24, ¶ 30 (citing *Ele v. Ehnes*, 2003 MT 131, ¶ 25, 316 Mont. 69, ¶ 25, 68 P.3d 835, ¶ 25). In doing so, we view the evidence in the light most favorable to the party that prevailed at trial. *Jenks*, ¶ 30 (citing *Mountain W. Farm Bureau Mut. Ins. Co. v. Girton* (1985), 215 Mont. 408, 410, 697 P.2d 1362, 1363). In the case of conflicting evidence it is not our job to second-guess the jury and retry the case. *Jenks*, ¶ 30 (citing *Magart v. Schank,* 2000 MT 279, ¶ 4, 302 Mont. 151, ¶ 4, 13 P.3d 390, ¶ 4).

¶26 There is substantial credible evidence that supports the jury's finding that Naumer was more negligent than the Knutsons. There is credible evidence that Naumer left the right brake on while driving the tractor and that this directly led to his inability to stop the tractor.

8

The evidence includes Sall's statement that the right dust cover was not blackened before he and Naumer switched vehicles, expert testimony regarding the deterioration of brakes, and the near-total wearing of the right brake pad. Furthermore, there is the evidence that Sall drove the tractor without incident before Naumer began driving. This left the jury with substantial credible evidence that Naumer was negligent in operating the tractor, and that he was responsible for over 51 percent of fault.

## ISSUE FOUR

¶27    *Whether Payne preserved the issue of "sudden emergency" for appeal.*

¶28    As we stated earlier, Payne's primary request in this case is that we reverse the District Court's refusal to amend its judgment. *See* Rule 59(g), M.R.Civ.P. She contends that under the sudden emergency doctrine, *see Simonson v. White* (1986), 220 Mont. 14, 25, 713 P.2d 983, 989, Naumer was not negligent as a matter of law. She seeks a new trial on the issue of damages only. Knutsons contend that sudden emergency is no longer a recognized doctrine in Montana negligence law, and, in any event, Payne failed to preserve the issue for appeal. Payne counters that, although she did not request an instruction on sudden emergency, the court, nonetheless, should have reference to the doctrine in determining whether there was sufficient evidence to support the verdict. We agree with the Knutsons. Assuming (without so holding) that the sudden emergency doctrine is still a viable legal doctrine, Payne would have had to request that the jury be instructed accordingly. Since Payne did not request a jury instruction on sudden emergency, the issue was not properly preserved for appeal, and we need not address the merits of the issue. *See*

9

Rule 51, M.R.Civ.P. ("No party may assign as error the failure to instruct on any point of law unless that party offers an instruction thereon."); *Allison v. Town of Clyde Park*, 2000 MT 267, ¶ 16, 302 Mont. 55, ¶ 16, 11 P.3d 544, ¶ 16 (quoting Rule 51, M.R.Civ.P.).

¶29 The District Court's denial of Payne's motions to amend the judgment and for a new trial is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ JIM RICE
/S/ JAMES C. NELSON