DA 06-0322

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 180N

STATE OF MONTANA,

     Plaintiff and Respondent,

   v.

RAMONA "DOLL" CHAMPAGNE,
a/k/a RAMONA DONEY,

     Defendant and Appellant.


APPEAL FROM:    District Court of the Twelfth Judicial District,
                   In and For the County of Hill, Cause No. DC-05-098
                   Honorable David Rice, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

       Carl White, Attorney at Law, Havre, Montana

       For Respondent:

       Honorable Mike McGrath, Attorney General; John Paulson,
       Assistant Attorney General, Helena, Montana

       Cyndee L. Peterson, County Attorney, Havre, Montana


                    Submitted on Briefs:  April 25, 2007

                            Decided:  July 31, 2007

Filed:

                   _____
                              Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Ramona "Doll" Champagne (Champagne) appeals from the order of the Twelfth Judicial District Court, Hill County, denying, in part, Champagne's motion in limine to prohibit the State from offering evidence obtained by electronic surveillance. We affirm.

¶3 Champagne was charged on July 25, 2005, with two counts of criminal distribution of dangerous drugs, a felony, in violation of § 45-9-101, MCA. Champagne allegedly sold cocaine and methamphetamine to an undercover agent in Havre, and the transaction had been electronically monitored. An omnibus hearing was held on September 12, 2005, where the parties and the court signed an omnibus hearing memorandum indicating that the State did not intend to rely on prior acts or convictions of the defendant, and that no electronic surveillance was taken of the defendant or her premises. Trial was set for December 15, 2005. On October 28, 2005, the State filed its notice of witnesses and exhibits, which included the audiotape of the electronic monitoring and the CD containing video recordings of the drug purchase. Champagne

2

filed her notice of the affirmative defense of entrapment, and additionally, moved to join this case with another pending against her. In November and December 2005, Champagne filed motions in limine to prohibit the State from: (1) offering prior acts evidence and (2) from offering any evidence obtained by electronic surveillance. Champagne argued that at the omnibus hearing the State had represented that it did not intend to offer such evidence.

¶4 The court granted Champagne's motion in limine regarding prior evidence, and granted Champagne's motion in limine as to any electronic surveillance not previously disclosed to the defense; however, the court ordered that the recordings previously disclosed to the defense through discovery and shown on the State's notice of witnesses and exhibits may be introduced and utilized at trial.

¶5 The District Court further determined that a proper foundation would have to be developed with the witness before the video recordings could be admitted, and that defense counsel could question the witness about how the recordings got into their current format. The court rejected defense counsel's contention that an expert witness would have to testify about the transfer of the format of the recordings because the witness was there. The court stated that the recordings would be relevant to the defense of entrapment, that the recordings had been disclosed and presented no surprise to the defense, and that the court was inclined to allow the recordings to be played to the jury with the understanding that the defense could renew its objection at the time the evidence was offered.

¶6 Shortly thereafter, the parties reached a plea agreement wherein Champagne entered a nolo contendere plea to two counts of criminal distribution of dangerous drugs, and reserved her right to appeal the District Court's ruling on the use of the recorded statements. The State dismissed Champagne's charge in the companion case. Champagne appeals the motion in limine ruling allowing the State to offer evidence obtained by the electronic surveillance.

¶7 This Court reviews a district court's evidentiary ruling for abuse of discretion. *Howard v. St. James Community Hosp.*, 2006 MT 23, ¶ 17, 331 Mont. 60, ¶ 17, 129 P.3d 126, ¶ 17. "The district court has broad discretion in determining the admissibility of evidence." *Howard*, ¶ 17. We will not reverse the district court unless the error is "of such character to have affected the result." *Howard*, ¶ 17 (quoting *Payne v. Knutson*, 2004 MT 271, ¶ 20, 323 Mont. 165, ¶ 20, 99 P.3d 200, ¶ 20). "Notwithstanding this deferential standard, however, judicial discretion must be guided by the rules and principles of law; thus our standard of review is plenary to the extent that a discretionary ruling is based on a conclusion of law." *State v. Price*, 2006 MT 79, ¶ 17, 331 Mont. 502, ¶ 17, 134 P.3d 45, ¶ 17. In this circumstance, we must determine whether the court correctly interpreted the law. *Price*, ¶ 17.

¶8 Champagne argues that the District Court erred in equating the foundational requirements for photographs and for digital media. Champagne contends the court abused its discretion "in admitting evidence of electronic surveillance of Champagne, including evidence of prior acts by Champagne, after the state failed to give notice of

4

such evidence at the omnibus hearing, and in the absence of expert testimony regarding the duplication of said evidence."

¶9      The State argues that the District Court did not abuse its discretion when it denied, in part, Champagne's supplemental motion in limine. The State contends that it gave adequate notice of its intention to utilize at trial the audio/video recording made by the undercover agent, and it was not required to lay additional foundation, through expert testimony, for the admission of the video recordings of Champagne's drug transactions with the undercover agent because videos and photographs should be treated the same for purposes of foundation, and Champagne has offered no authority to the contrary. The State further asserts that the admission of duplicate recordings would not have violated the best evidence rule.

¶10     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶11     Affirmed.

/S/ JIM RICE

5

We concur:


/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART