No. 04-621

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 338

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

JEREMY SPENCER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Cause No. DC 04-0031,
The Honorable Ingrid Gustafson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        James M. Siegman, Deputy Public Defender, Billings, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; Joslyn M. Hunt,
Assistant Attorney General, Helena, Montana

        Dennis Paxinos, Yellowstone County Attorney; Ann-Marie McKittrick,
Deputy County Attorney, Billings, Montana

Submitted on Briefs:  July 19, 2005

Decided:  December 27, 2005

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Jeremy Spencer (Spencer) appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, excluding testimony. We affirm.

¶2     The issue on appeal is whether the District Court erred in excluding testimony offered by Spencer to show that his speedometer was working incorrectly and the size of his vehicle's tires had an effect on the speedometer.

¶3     During the early morning hours of April 25, 2003, Deputy Sheriff Micky Eckart (Eckart) saw a pickup driving on Highway 87 at a high rate of speed. Eckart's radar determined that the pickup was traveling 57 m.p.h. in a 45 m.p.h. zone. Eckart turned around to pursue the pickup, which appeared to speed up. Eckart had to drive 95 m.p.h. to catch the pickup. Once the pickup was pulled over, Eckart learned that Spencer was the driver. Eckart could smell a strong odor of alcohol coming from Spencer, and observed that his eyes were bloodshot and glossy. Eckart then had Spencer perform standard field sobriety tests.

¶4     Spencer's smell, appearance and poor test performance led to his arrest for driving under the influence (DUI).

¶5     Spencer was initially found guilty of DUI in Justice Court. He appealed to the District Court and filed a notice that he intended to call one Wes Nelson (Nelson) as an expert witness to testify that the speedometer in Spencer's pickup had not been functioning properly. The State objected to Nelson's testimony in a motion in limine. The District Court granted this motion, explaining that Nelson's testimony was irrelevant. Nelson was found guilty of DUI in District Court and judgment was entered on September 7, 2004. This appeal

followed.

¶6     We review a district court's evidentiary ruling to determine whether the district court abused its discretion. *Payne v. Knutson*, 2004 MT 271, ¶ 20, 323 Mont. 165, ¶ 20, 99 P.3d 200, ¶ 20. "A district court abuses its discretion when it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice." *State v. Riggs*, 2005 MT 124, ¶ 18, 327 Mont. 196, ¶ 18, 113 P.3d 281, ¶ 18.

¶7     Spencer argues that the speed of a vehicle is relevant in determining whether a driver's ability to safely operate a vehicle has been diminished, citing *Bauer v. State* (1996), 275 Mont. 119, 126, 910 P.2d 886, 890, and *State v. Palmer* (1991), 247 Mont. 210, 217, 805 P.2d 580, 584. He contends that the District Court abused its discretion in excluding the offered testimony on the grounds that it was irrelevant. He also argues that, even if Nelson was not an expert, he should have been allowed to testify as a lay witness regarding the effect of a vehicle's tire-size on a vehicle's speedometer.

¶8     The State argues that in this case the speed of Spencer's truck is relevant only concerning whether Eckart had a particularized suspicion to stop Spencer, because speed had no part in the DUI charge.

¶9     In *Bauer*, this Court concluded that a deputy's observation of a vehicle crossing the center line and driving at a speed well over the speed limit sufficiently supported a particularized suspicion that an offense had been committed. *Bauer*, 275 Mont. at 126, 910 P.2d at 890. In *Bauer*, as in this case, speed was not a part of the proof of impaired driving. The proof of impaired driving focused on the defendant's breath, eyes, speech, and

3

performance of physical maneuvers. *Bauer*, 275 Mont. at 126-27, 910 P.2d at 890. Thus, *Bauer* does not assist Spencer's argument.

¶10   In *Palmer*, this Court concluded that speeding, as well as swerving off the road, plunging over two embankments, driving down ditches, driving across fields, smashing through a fence, and failing to stop for three police officers suggested that the driver was intoxicated. *Palmer*, 247 Mont. at 217, 805 P.2d at 584. Again, in the present case the State did not attempt to prove that Spencer was intoxicated because he was speeding. Thus, *Palmer* is inapposite.

¶11   Spencer argues, in effect, that his ability to drive was not diminished because he justifiably thought he was going slower than he was. To support this argument, he offered evidence regarding the alleged improper functioning of the speedometer. Such evidence is not relevant to whether a person is driving under the influence of an intoxicating substance.

¶12   We decline to reverse the District Court's discretionary decision to exclude the offered evidence in this instance where the State did not attempt to prove that Spencer's ability to drive was diminished because he was speeding. In excluding the offered evidence the District Court did not act arbitrarily, without employment of conscientious judgment, and its decision did not exceed the bounds of reason, resulting in substantial injustice.

¶13   As we conclude that evidence concerning the speedometer in Spencer's pickup was properly excluded, it is not necessary to discuss whether Nelson could give his expert opinion under Rule 702, M.R.Evid., or his lay opinion under Rule 701, M.R.Evid.

¶14    Affirmed.


                                        /S/ JOHN WARNER


We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE